Ronald Roy HENDERSON,
Plaintiff–Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 83–5749.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 9, 1985.

Decided May 19, 1988.

**1234**

Michael M. Angello, San Diego, Cal., for plaintiff-appellant.

Warren P. Reese, San Diego, Cal., for defendant-appellee.

Before NELSON, CANBY and BRUNETTI, Circuit Judges.

## ORDER

The Opinion, previously filed March 11, 1986 and amended opinions are hereby withdrawn.

The members of the panel that decided this case voted unanimously to deny the petition for rehearing and voted unanimously to reject the suggestion for rehearing en banc.

The full court was advised of the suggestion for en banc rehearing, and a majority of the judges voted against rehearing en banc. Fed.R.App.P. 35(b).

The petition for rehearing is denied and the suggestion for a rehearing en banc is rejected.

## OPINION

NELSON, Circuit Judge:

Although the Circuit has decided not to hear this case en banc, the petition for rehearing and suggestion for rehearing en banc led the panel to reread the entire 18 volume district court transcript. Our review revealed several pertinent facts that alter our prior analysis. Because the facts and legal issues presented in this case are fully explained in *Henderson v. United States*, 827 F.2d 1233 (9th Cir.1987), we do not restate them here. The discoveries made by this panel while reviewing the

record do not alter our analysis of presumed negligence in Part III A. of that opinion. However, we find it necessary to replace Parts II and III B., on foreseeability and common-law negligence, with the following discussion:

The United States, as the owner and operator of the naval base and missile test facility, is liable for claims brought under the FTCA to the extent a private party would be liable under similar circumstances.[1] 28 U.S.C. § 1346(b) (1982). Here, the alleged wrongdoing took place in California. We look to California law to determine the rights, duties, and liabilities involved in the maintenance of high voltage power lines. *See Molsbergen v. United States*, 757 F.2d 1016, 1020 (9th Cir.) (law of the state where the act or omission occurred determines whether actionable duty exists under the FTCA), *cert. dismissed*, 473 U.S. 934, 106 S.Ct. 30, 87 L.Ed. 2d 706 (1985).

Under California law, as a general rule, a "defendant owes a duty of care to all persons who are foreseeably endangered by his conduct, with respect to all risks which make the conduct unreasonably dangerous." *Tarasoff v. Board of Regents*, 17 Cal.3d 425, 434, 551 P.2d 334, 342, 131 Cal.Rptr. 14, 22 (1976); *Rodriguez v. Bethlehem Steel Corp.*, 12 Cal.3d 382, 399, 525 P.2d 669, 680, 115 Cal.Rptr. 765, 776 (1974). The district court found that the accident resulting in Henderson's injury was not foreseeable. We review the district court's factual determinations under the clearly erroneous standard. *See United States v. McConney*, 728 F.2d 1195, 1200 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984). We review the legal determinations *de novo. Id.* at 1201.

1. We reject the government's argument that the "discretionary function exemption" to FTCA liability, 28 U.S.C. § 2680(a), precludes liability. The exception applies only to decisions "grounded in social, economic and political policy." *Begay v. United States*, 768 F.2d 1059, 1064 (9th Cir.1985), *cert. denied*, — U.S. —, 108 S.Ct. 1110, 99 L.Ed.2d 271 (1988); *see Mitchell v. United States*, 787 F.2d 466, 468 (9th Cir.1986),

*cert. denied*, — U.S. —, 108 S.Ct. 163, 98 L.Ed.2d 118 (1987). While the actions of agencies in deciding how to regulate private conduct are easily brought within the exception, *see United States v. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 813–14, 104 S.Ct. 2755, 2764–65, 81 L.Ed.2d 660 (1984); *Begay*, 768 F.2d at 1064, no such regulatory activity is involved here.

The district court's conclusion that the accident was not foreseeable was based on three factors. First, the court found that while members of the public entered the facility to "sightsee, picnic, drink beer, have parties, spray paint graffiti, commit vandalism and take copper wiring and other material," those activities took place at the missile test site, not at the nearby water tank area.[2] Second, the court determined that the government could not be expected to foresee the actions of Harmon or Henderson or of "people in the same status," apparently referring to their presence on government land as trespassers and thieves. Third, the court found "[t]here was no evidence of tampering with pole lines which reasonably should have put cognizant employees of the United States on notice that members of the public might enter the facility and climb the poles to remove or tamper with conducters." Although we find the first two explanations offered by the district court insufficient to support the finding that the accident was not foreseeable, we find that the district court's third reason adequately supports its conclusion.

■ The district court's distinction between two areas of the missile test facility, the missile test site and the water tank area, is artificial and unsupported by the evidence. No physical barrier, such as a fence, separates the test site from the water tank area. The water tank area is part of the facility and the subject of at least some public curiosity. In fact, Harmon and his family drove through the facility, including the water tank area, one month before the accident. Given the rampant trespassing at the missile test site, a reasonable landowner would have been placed on notice that the water tank area, 1000 feet away and accessible by road, was also subject to unauthorized visitation. The district court's finding to the contrary is clearly erroneous.

■ We interpret the district court's reference to Harmon's and Henderson's "status" to comply with California law—that is,

as having some bearing on the question of liability, but not as a determinative factor. *See Rowland v. Christian,* 69 Cal.2d 108, 119, 443 P.2d 561, 568, 70 Cal.Rptr. 97, 104 (1968) (en banc). However, because almost all the foreseeable victims were trespassers and at least some of them were thieves, Harmon's and Henderson's status need not have precluded a finding of foreseeability in this case.

■ The district court's conclusion that no instance of tampering with power poles had occurred reasonably to put government employees on notice is supported by facts in the record and therefore cannot be termed clearly erroneous. Despite the presence of picnickers and vandals, the government had little reason to foresee that thieves might climb power poles to steal copper wires. Although the record does contain references to cut tail-ends and dangling wires—items that Henderson argues should have put the government on notice that thieves were active in the area—we have found no evidence in the record that these cut tail-ends or dangling wires were cut and dangling prior to Henderson's accident. The sole exception, one reference to wires cut by the government prior to the accident, does not support Henderson's claim. Wires cut by the government before the accident could not have notified the government of the presence of thieves.

Henderson's attorney attempted to prove at trial that some wires left dangling after the accident were in fact dangling prior to the accident, and that these wires had been left in that state by Harmon on his previous trip to the facility. However, Henderson himself testified that he did not notice any dangling wires before the accident. In light of the uncontradicted testimony at trial that no wires were dangling before the accident, the district court did not commit clear error by concluding that no telltale signs reasonably afforded the government notice of tampering before the accident.

2. The water tank stands about 1000 feet from the test site as the crow flies and about ½ to ¾ mile by way of the road which winds its way between the two areas.

The only evidence of prior thefts proved at trial that might have put the government on notice was the absence of the wires stolen by Harmon on his previous trip to the site. However, in the vast area that the government had to patrol, with a tangle of wires overhead, we cannot say that the government should have noticed the absence of a few wires. Thus, the district court's finding that the accident was not foreseeable was supported by the record because no evidence of tampering prior to the accident was so apparent that the government should have recognized the potential for Henderson's injury.

Although the district court correctly determined that the accident was not foreseeable, it should have considered the other elements of common-law duty under California law. These include

> the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendant's conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved.

*Preston v. Goldman,* 42 Cal.3d 108, 720 P.2d 476, 481–82, 227 Cal.Rptr. 817, 822–23 (1986) (quoting *Rowland,* 69 Cal.2d at 112–13, 443 P.2d at 564, 70 Cal.Rptr. at 100).

Although California courts have stated that the foreseeability of the injury to the plaintiff is the most important factor, *see, e.g., Sun 'N Sand, Inc. v. United Cal. Bank,* 21 Cal.3d 671, 695, 582 P.2d 920, 937, 148 Cal.Rptr. 329, 346 (1978), "[i]t is clear that [it] is but one factor to be weighed," and its importance will "vary from case to case." *Isaacs v. Huntington Memorial Hospital,* 38 Cal.3d 112, 126, 695 P.2d 653, 658, 211 Cal.Rptr. 356, 361 (1985). The district court therefore erred when it found no duty based solely on the factor of foreseeability. Nonetheless, we need not remand for reconsideration in light of all the *Rowland* factors. Because the scope

of duty is a question of law subject to de novo review, *see Toscano Lopez v. McDonalds,* 193 Cal.App.3d 495, 507 n. 6, 238 Cal.Rptr. 436, 443 n. 6 (1987), this court can decide the issue without remand. *See United States v. Hendricks,* 743 F.2d 653, 656 (9th Cir.1984), *cert. denied,* 470 U.S. 1006 (1985). We affirm the district court's decision because most of these factors, including foreseeability, prevention of future harm, moral blame, and consequences to the community, weigh heavily against finding a duty. No factor weighs strongly in factor of creating a duty. We therefore feel confident in concluding that the *Rowland* factors can only lead to a finding of no duty in this case.

AFFIRMED.