Charles D. BATES; Christine A. Bates; Bellinger Brothers; Allen P. Bellinger; Hugh E. Bellinger; Marilyn H. Bellinger; Wineford E. Bennett, et al., Plaintiffs–Appellees,

v.

UNION OIL COMPANY OF CALIFORNIA, doing business as Unocal, a foreign corporation, Defendant–Appellant.

No. 90–35199.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 5, 1991.

Decided Sept. 20, 1991.

George A. Cumming, Jr., Brobeck, Phleger & Harrison, San Francisco, Cal., for defendant-appellant.

Elden M. Rosenthal, Rosenthal & Greene, Portland, Or., for plaintiffs-appellees.

Before WRIGHT, FARRIS and THOMPSON, Circuit Judges.

## INTRODUCTION

DAVID R. THOMPSON, Circuit Judge:

Union Oil Company of California (Unocal) lost a lawsuit filed against it by a number of its retail dealers in the United States District Court in Oregon. While Unocal's appeal was pending, it settled the case. To fulfill a condition of the settlement, the judgment in the district court was vacated.

Other Unocal dealers then sued Unocal in the United States District Court in Oregon alleging some of the same claims as those litigated in the first lawsuit. The district court applied collateral estoppel to resolve issues of liability and punitive damages in this second suit. A jury determined compensatory damages and this appeal followed.

Unocal argues the judgment in the first lawsuit lost its preclusive effect when it was vacated. Alternatively, Unocal contends the district court abused its discretion by applying collateral estoppel from the vacated judgment.

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

## FACTS AND PROCEEDINGS

In the first action, *Amos v. Union Oil Co.*, 663 F.Supp. 1027 (D.Or.1987), forty-five Unocal oil dealers sued Unocal. District Court Judge Owen M. Panner presided over the trial. The plaintiffs pleaded five claims: (1) breach of express contract provisions relating to "competitive quality" and "competitive price," (2) tortious interference with business relations, (3) contractual breach of an implied covenant of good faith and fair dealing, (4) tortious breach of an implied covenant of good faith and fair dealing ("tortious breach of contract"), and (5) fraud. The claims involved Unocal's sudden switch from 89 octane fuel to 87 octane fuel and its substitution of unleaded premium for leaded premium fuel.

Unocal and its dealers acquired a special position in the market by offering 89 octane fuel while other oil companies offered only 87 octane fuel. Although Unocal charged higher prices for its 89 octane fuel, Unocal dealers remained competitive by emphasizing the uniqueness and quality of their product.

Without warning to its dealers, Unocal discontinued its 89 octane fuel, but continued to sell its 87 octane fuel at the higher octane fuel prices. The substitution of a lower quality and commonplace fuel, without a price decrease, significantly reduced the dealers' ability to compete.

Unocal also discontinued its other unique product, leaded premium fuel. Unocal supplied its dealers with unleaded premium without informing them or the public of the substitution. Unocal priced its unleaded premium at the higher leaded premium prices and for a period of time denied ru-

mors of the switch from leaded to unleaded premium fuel. The dealers presented evidence of numerous consumer complaints and lost business as a result of this deception.

The jury awarded the *Amos* dealers lost profits on their contractual breach of implied covenant of good faith and fair dealing claim. The jury also found in favor of the dealers on their tortious breach of contract and fraud claims, and awarded emotional distress and punitive damages.

Unocal appealed the *Amos* judgment. While the appeal was pending, Unocal and the dealers agreed to settle the case. The parties conditioned their settlement on the district court's vacatur of the *Amos* judgment. Judge Panner, who had presided at the trial, was advised of the parties' conditional settlement and indicated he would satisfy the condition of settlement and grant the motion to vacate pursuant to Federal Rule of Civil Procedure 60(b)(5) and (6) if the case were remanded to him. The case was remanded to the district court, and Judge Panner vacated the *Amos* judgment.

Other Unocal dealers (the *"Bates* plaintiffs") then brought this diversity action. Judge Panner again presided over the case. The *Bates* plaintiffs sought summary judgment on three claims: (1) contractual breach of an implied covenant of good faith and fair dealing, (2) tortious breach of contract, and (3) fraud. The *Bates* plaintiffs argued summary judgment was appropriate because collateral estoppel applied from the vacated *Amos* judgment. Unocal responded that because the *Amos* judgment was vacated, it would not support an application of collateral estoppel. Judge Panner disagreed and stated: "My order of vacatur says nothing about the preclusive effect of the *Amos* judgment, nor does it indicate my opinion on it. I vacated the *Amos* judgment so that the parties would settle the case." Judge Panner then applied collateral estoppel from the vacated *Amos* judgment and resolved the liability issues in this case against Unocal. Judge Panner also used collateral estoppel from the vacated *Amos* judgment to award the

*Bates* plaintiffs $120,000 in punitive damages. A jury awarded compensatory damages to each plaintiff.

## DISCUSSION

### A. Applicable Law

█ In a diversity case, a federal district court must apply federal law to determine whether to vacate a judgment as a condition of settlement. *National Union Fire Ins. Co. v. Seafirst Corp.*, 891 F.2d 762, 765–68 (9th Cir.1989). In a subsequent diversity action, however, the forum state's law applies to determine the preclusive effect of a previous judgment. *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201 (9th Cir.), *cert. denied*, 459 U.S. 1087, 103 S.Ct. 570, 74 L.Ed.2d 932 (1982). Thus, in this diversity case, we must apply Oregon law to determine the preclusive effect of the *Amos* judgment.

█ Oregon has yet to resolve whether it would apply its own law or federal law to determine the preclusive effect of a prior federal diversity judgment. *See Hanson v. Department of Revenue*, 294 Or. 23, 29–30, 653 P.2d 964, 967–68 (1982) (applying both federal and Oregon law to determine preclusive effect of prior federal judgment). We assume that Oregon, like Washington and California, would apply federal law to determine the preclusive effect of a prior federal judgment. *See Alcantara v. Boeing Co.*, 41 Wash.App. 675, 678, 705 P.2d 1222, 1225 (1985); *Levy v. Cohen*, 19 Cal.3d 165, 172–73, 137 Cal.Rptr. 162, 167, 561 P.2d 252, 257, *cert. denied*, 434 U.S. 833, 98 S.Ct. 119, 54 L.Ed.2d 94 (1977). Therefore we apply federal law to determine the preclusive effect of the vacated *Amos* judgment.

### B. Availability of Collateral Estoppel

We review de novo whether collateral estoppel is available. *Davis & Cox v. Summa Corp.*, 751 F.2d 1507, 1519 (9th Cir. 1985). The question we consider is whether a judgment vacated as a condition of settlement can have preclusive effect.

█ We have held a district court is not required to vacate a judgment when the

appellant causes the dismissal of its appeal by settling. *Ringsby Truck Lines, Inc. v. Western Conference of Teamsters,* 686 F.2d 720, 722 (9th Cir.1982); *see also National Union,* 891 F.2d at 768–69; *Allard v. DeLorean,* 884 F.2d 464, 467 (9th Cir. 1989). In *Ringsby,* we distinguished this situation from *United States v. Munsingwear,* 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950), which required a court to vacate a judgment if circumstances beyond the appellant's control deprived the judgment of appellate review. We reasoned a district court is not required to vacate a judgment pursuant to settlement because, otherwise, "any litigant dissatisfied with a trial court's findings would be able to have them wiped from the books." *Ringsby,* 686 F.2d at 721.

■ When the parties seek vacatur as a condition of settlement, the district court may refuse to vacate the judgment. In deciding whether to vacate the judgment, we have directed district courts to balance "the competing values of finality of judgment and right to relitigation of unreviewed disputes." *Id.* at 722.

■ The purpose of this balancing process is to enable a district court to consider fully the consequences of vacatur. If the court weighs the *Ringsby* factors and refuses to vacate the judgment, the judgment may have preclusive effect. If, however, the district court considers the *Ringsby* factors and vacates the judgment, the judgment will lose any preclusive effect and the party who sought vacatur can safely forego an appeal.

■ The problem occurs when the district court vacates the judgment, but the record fails to disclose that the court considered the *Ringsby* factors at the time of vacatur.[1] Here, according to the record, the *Ringsby* factors were not considered

until the district court ruled in the present case on the preclusive effect of the vacated judgment. At the time of this ruling, the district court balanced the interest in finality of judgments against the interest in allowing relitigation of unreviewed judgments, and determined that the application of collateral estoppel from the vacated *Amos* judgment was appropriate. The district court reasoned that relitigation of the liability and punitive damage issues in this case "after a full and fair jury trial" of those same issues in *Amos* would be a waste of judicial resources. The court further stated:

> The interest in settlement is one that every trial judge confronts daily. I do not dismiss it lightly, but consider it as a factor to balance against an equally strong interest in finality. Settlement and finality are not countervailing considerations. At their core is the common concern for preventing needless litigation and the waste of the court's, the litigants', the jurors', and the public's resources. In this case, this concern is served by preventing rather than allowing relitigation.

We hold that the *Amos* judgment did not lose preclusive effect simply because it was vacated, and that the *Ringsby* factors, although not considered at the time the *Amos* judgment was vacated, were properly considered by the district court when, in this case, it confronted the question of the preclusive effect of the vacated judgment.

To hold otherwise would be to approve of a rule which would deny preclusive effect to a judgment simply because it was vacated. Such a rule would encourage litigants to avoid bringing the *Ringsby* factors to the attention of the district court. The party seeking vacatur as a condition of settlement would have no reason to men-

---

1. In its brief in support of vacatur, Unocal indicated its concern with *Chemetron Corp. v. Business Funds, Inc.,* 682 F.2d 1149 (5th Cir.1982), *vacated and remanded on other grounds,* 460 U.S. 1007, 103 S.Ct. 1245, 75 L.Ed.2d 476 (1983), and with the possible preclusive effect of the *Amos* judgment if vacated. In *Chemetron,* the Fifth Circuit held that issue preclusion based on facts found in an earlier case could apply in a

subsequent case even though the trial court's written findings of fact in the earlier case had been withdrawn as a condition of settlement prior to entry of judgment. *Id.* at 1187–92. Neither party, however, called Judge Panner's attention to *Ringsby,* nor suggested a condition of their settlement was that the court determine the judgment would not have preclusive effect.

tion *Ringsby;* the mere circumstance of vacatur would destroy the judgment's preclusive effect. Nor would the party faced with such a motion have any interest in bringing up *Ringsby;* to do so might risk a denial of vacatur and the failure of a condition of settlement.

On the other hand, the rule we adopt today encourages the party seeking vacatur to call to the district court's attention the requisite *Ringsby* factors at the time vacatur is sought. The district court can then perform the balancing task according to *Ringsby* and decide whether to vacate the judgment. If the court does not consider *Ringsby* in granting or denying the motion to vacate, the question of issue preclusion from the first trial will remain open for subsequent determination in a later case.

Having concluded that the vacated *Amos* judgment can have preclusive effect, and that the district court correctly so decided in this case, we now consider whether the district court abused its discretion by applying collateral estoppel from the vacated judgment to resolve issues of liability and punitive damages.

C. Application of Collateral Estoppel

■ We review a district court's decision to apply collateral estoppel for abuse of discretion. *Davis & Cox,* 751 F.2d at 1519. We will not disturb a district court's exercise of that discretion unless we have " 'a definite and firm conviction that the court ... committed a clear error of judgment in the conclusion it reached upon a weighing of the relevant factors.' " *Robi v. Five Platters, Inc.,* 838 F.2d 318, 329 (9th Cir. 1988) (quoting *Fjelstad v. American Honda Motor Co.,* 762 F.2d 1334, 1337 (9th Cir.1985)).

A district court should not apply offensive collateral estoppel if to do so would be unfair to the defendant.[2] *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 330, 99 S.Ct. 645, 651, 58 L.Ed.2d 552 (1979); *see also Eureka Fed. Sav. & Loan Ass'n v.*

*American Casualty Co.,* 873 F.2d 229, 234 (9th Cir.1989). In *Eureka Fed. Sav. & Loan,* we held that collateral estoppel was not available to resolve issues in a subsequent case when the issues actually litigated in the earlier case were different. 873 F.2d at 233. Following this holding, we commented in *Eureka Fed. Sav. & Loan* that the district court in the earlier case "may have reached an erroneous conclusion" and we implied it might be unfair to apply collateral estoppel in such a circumstance. *Id.* at 234. We have also stated, however, that even though a case may have been "decided incorrectly, this is an insufficient basis to defeat the application of collateral estoppel." *Peck v. Commissioner,* 904 F.2d 525, 529 (9th Cir.1990); *see also Starker v. United States,* 602 F.2d 1341, 1347 n. 3 (9th Cir.1979).

■ We conclude that it was not unfair to the defendant Unocal to apply collateral estoppel against it from the *Amos* judgment, even though that judgment may not be free from legal error.

Assuming Unocal is correct in arguing that the *Amos* judgment is not free from legal error, the way to correct that error was by appeal in the *Amos* case. Unocal elected not to pursue that appeal. Instead, it caused that appeal to be dismissed and traded the uncertainty of an affirmance or reversal for the known result of a settlement. As part of the settlement, Unocal obtained vacatur of the district court judgment but did not ask the court to balance the *Ringsby* factors and make a decision as to the judgment's preclusive effect. In so doing, it took a calculated risk. Judge Panner recognized this in his opinion filed in this case:

During the settlement negotiations, Unocal was acutely aware of the risk that the *Amos* judgment might haunt it despite the settlement. In its brief to the Ninth Circuit in support of the motion to remand, Unocal cited the possibility that a stranger to the litigation may assert offensive collateral estoppel in a

---

**2.** Offensive collateral estoppel arises when "the plaintiff seeks to foreclose the defendant from litigating an issue the defendant has previously litigated unsuccessfully in an action with another party." *Parklane Hosiery,* 439 U.S. 322, 326 n. 4, 99 S.Ct. 645, 649 n. 4, 58 L.Ed.2d 552 (1979).

second suit. In its brief in support of the motion to vacate, Unocal argued that its reason for conditioning the settlement on vacatur was to avoid the potential preclusive effect of the *Amos* judgment in a later action.

However, Unocal also recognized that vacatur would not eliminate the risk of future collateral estoppel.

Unocal could have conditioned the dismissal of its appeal and settlement of the *Amos* case not merely on vacatur, but on vacatur following the district court's consideration of the *Ringsby* factors and determination that the judgment would not have preclusive effect. Unocal chose not to be so particular about the vacatur it obtained. The risk it assumed by this course of action included the risk that collateral estoppel from the judgment could be used against it even as to those issues which may have been resolved erroneously against it in the trial of the *Amos* case.

We do not criticize Unocal's litigation strategy. It was not unreasonable for Unocal to get the $8 million *Amos* judgment settled, avoid the possibility of an affirmance of that judgment on appeal, and take its chances on what preclusive effect the *Amos* judgment might have if other suits were filed against it by other dealers. By getting the *Amos* judgment vacated, even without the district court's consideration of preclusion under *Ringsby*, Unocal obtained vacatur as an additional weapon to use in arguing against preclusion in a later case—a weapon it would not have had if the *Amos* judgment had not been vacated or had been upheld on appeal.

We conclude that the district court did not abuse its discretion when it applied collateral estoppel from the vacated *Amos* judgment to resolve the liability and punitive damage issues in this case.

**D. Fraud and Punitive Damages**

█ Unocal next contends the district court's punitive damage award based on the fraud claim was erroneous because Oregon requires an award of actual damages to support an award of punitive damages and the jury did not award the plaintiffs

any actual damages on their fraud claim. We reject Unocal's argument because the jury in this case did award economic damages to each of the plaintiffs. This award supports the district court's punitive damage award.

**E. Due Process and Punitive Damages**

Unocal argues the award of punitive damages violated due process because the *Amos* judgment and the judgment in this case imposed successive awards of punitive damages on Unocal, punishing it twice for the same conduct.

We reject this argument. It proceeds from a false premise. Although a jury awarded punitive damages in the *Amos* case, the judgment in that case was appealed and the case was settled. Whether the settlement included the payment of any punitive damages is a matter of conjecture. The only punitive damage sum for which Unocal is liable according to the record before us is the punitive damage award in this case.

**CONCLUSION**

We affirm the district court's determination that offensive collateral estoppel was available for application in the present case based upon the vacated *Amos* judgment. We also affirm the district court's application of collateral estoppel to establish Unocal's liability and to fix the amount of punitive damages.

**AFFIRMED.**