979 F.2d 855
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary LESSNAU, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-16297.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 6, 1992.*
Decided Nov. 20, 1992.
 
 Before GOODWIN, FARRIS and PREGERSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary Lessnau appeals the district court's judgment in his action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 et seq. (1988). Lessnau sought recovery for injuries he sustained when he fell through a hole on the second floor of a government building that was under construction by a government contractor. The district court heard the case following remand in Lessnau v. United States, 886 F.2d 287 (9th Cir.1989) (holding that the United States was not immune from suit under the discretionary function exception to the FTCA). On remand, the district court granted judgment for the United States, finding: (1) Lessnau's injury was not the result of a "peculiar risk" under California law, and (2) even if it were, the United States exercised reasonable care. Lessnau argues that these findings are erroneous. He also argues the court erred in failing to consider his alternate theories of liability. We have jurisdiction pursuant to 28 U.S.C. § 1291 (1988). We affirm.
 
 FACTS
 
 3
 The facts are essentially undisputed. The United States Postal Service contracted with Roebbelen Construction Company for Roebbelen to serve as general contractor in the construction of a United States Post Office in Petaluma, California. Gary Lessnau, a cement mason employed by Roebbelen, was injured on December 11, 1984, when he stepped through an uncovered 4-5' X 3-4' opening in a second floor deck at the construction site.
 
 
 4
 As required by its written contract with the Postal Service, Roebbelen submitted a proposed Job Safety Program. The contract also required Roebbelen to perform all construction work in compliance with the Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq. (1988).
 
 
 5
 The Postal Service contracted with Roland/Miller Associates and Hope Consulting Group (a joint venture) to supervise the construction. The joint venturers were contractually bound to review and monitor Roebbelen's safety program. Compliance with the program, however, was expressly the sole responsibility of Roebbelen.
 
 DISCUSSION
 I. Applicable Law
 
 6
 Under the Federal Torts Claims Act, the United States is liable for its torts "in the same manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674 (1988). In determining whether a private person would be liable, we must apply "the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b) (1988). Lessnau's accident occurred in California. Our inquiry, then, is whether the district court properly applied California tort law in refusing to hold the United States liable. Littlefield v. United States, 927 F.2d 1099, 1102 (9th Cir.), cert. denied, --- U.S. ----, 112 S.Ct. 299 (1991).
 
 
 7
 In ascertaining the content of California law, we are bound by decisions of that state's highest court. Harvey's Wagon Wheel, Inc. v. Van Blitter, 959 F.2d 153, 154 (9th Cir.1992); Commissioner v. Estate of Bosch, 387 U.S. 456, 465 (1967). Where no such decision is on point, we must predict how the highest state court would decide the issue, using intermediate appellate decisions for guidance. In re Kirkland, 915 F.2d 1236, 1239 (9th Cir.1990); Bosch, 387 U.S. at 465.
 
 
 8
 II. The FTCA and California's Peculiar Risk Doctrine
 
 
 9
 Under the FTCA, the United States cannot be held liable vicariously for the negligent acts of independent contractors such as Roebbelen. See United States v. Orleans, 425 U.S. 807 (1976); Gardner v. United States, 780 F.2d 835, 837 (9th Cir.1986). However, it may be held liable for a breach of a nondelegable duty. Id.; Borquez v. United States, 773 F.2d 1050, 1053 (9th Cir.1985). Such liability is direct; "[i]t is not liability for the contractor's failure to exercise due care or to employ proper safety precautions. It stems from the duty of the contractor's employer to exercise reasonable care to see that the contractor abides by his responsibilities in that respect." Gardner, 780 F.2d at 838 (quoting McGarry v. United States, 549 F.2d 587, 590 (9th Cir.1976), cert. denied, 434 U.S. 922 (1977)).
 
 
 10
 California follows the Restatement (Second) of Torts (1964), imposing a nondelegable duty of due care on the employer of an independent contractor where the work to be performed involves "peculiar"[1] dangers. Rooney v. United States, 634 F.2d 1238, 1244 (9th Cir.1980); Van Arsdale v. Hollinger, 437 P.2d 508 (Cal.1968). Specifically, California has adopted, as part of its peculiar risk doctrine, sections 413[2] and 416 of the Restatement. The liability imposed by section 416 is vicarious. Restatement (Second) of Torts § 416, introductory note. The California Supreme Court has distinguished between the vicarious liability imposed by section 416 and the direct liability imposed by section 413. See Aceves, 595 P.2d at 620. Although the California courts of appeal ignore this distinction without adverse consequences, see Thomas J. Welsh, Comment, Clarifying the Peculiar Risk Doctrine: The Rule Restated, 20 Pac.L.J. 197, 204 n. 63 (1988), we must recognize this distinction. Under the FTCA, the United States cannot be held liable vicariously; Lessnau cannot premise his recovery on section 416. He can, however, premise it on the nondelegable duty embodied in section 413.
 
 
 11
 III. Defining "Peculiar Risk"
 
 
 12
 California courts of appeal have taken several approaches to defining "peculiar risk." See generally, Welsh, 20 Pac.L.J. at 208-15 (describing three divergent approaches). The California Supreme Court has said:
 
 
 13
 A peculiar risk is a risk which is peculiar to the work to be done and arises out of its character or the place where it is to be done, and against which a reasonable person would recognize the necessity of taking special precautions. It is something other than the ordinary and customary dangers which may arise in the course of the work or of normal human activity. "Peculiar" does not mean that the risk must be one which is abnormal to the type of work done, or that it must be an abnormally great risk.... It is sufficient that it is a risk which the employer should recognize as likely to arise in the course of the ordinary and usual method of doing the work, or the particular method which the employer knows that the contractor will adopt.
 
 
 14
 Griesel v. Dart Indus., Inc., 591 P.2d 503, 507 (Cal.1979) (citations omitted).
 
 
 15
 In its Conclusions of Law, the district court found that the risk of falling from the second floor of a construction site is not "peculiar," but is "an ordinary risk of construction that should be anticipated, and guarded against, by the contractor." (Appellant's Excerpts of Record at 140.) There is California appellate authority to support this conclusion. See, e.g., Hughes v. Atlantic Pacific Construction Co., 240 Cal.Rptr. 200 (Ct.App.1987) (peculiar risk doctrine inapplicable where safety devices had to be removed in order to pour concrete).
 
 
 16
 The California Supreme Court's comments in Griesel suggest, however, that it would consider Lessnau's fall the result of a peculiar risk. See Griesel, 591 P.2d at 508 ("The fact that an activity involves an ordinary and customary danger of the particular work to be performed is immaterial to the question of whether it may involve a peculiar risk of harm"). The risk of falling through a metal deck opening was not only foreseeable by the Postal Service; it was also in fact foreseen by them. The contract and specifications required closure of such openings, and inspections of the openings were to be made periodically.
 
 
 17
 We need not decide the issue because the record compels a conclusion that the United States exercised reasonable care.
 
 IV. The Duty of Reasonable Care
 
 18
 The district court concluded that even if the peculiar risk doctrine were applicable, the United States Postal Service "exercised reasonable care by contractually requiring Roebbelen to undertake an appropriate safety program, and by engaging in frequent inspections through its representative at the site, Roland/Miller." (Conclusion of Law # 5, Appellant's Excerpts of Record at 140.) In negligence actions, "[t]he existence and extent of the standard of conduct are questions of law, reviewable de novo, but issues of breach and proximate cause are questions of fact, reviewable for clear error." Vollendorff v. United States, 951 F.2d 215, 217 (9th Cir.1991). As this is a question of breach, we review the district court's conclusion for clear error.
 
 
 19
 Lessnau argues that contractual arrangements with third parties to undertake safety precautions do not exonerate the Postal Service. Lessnau inappropriately relies on Van Arsdale, 437 P.2d at 513-14, and its adoption of Restatement section 416. That provision is inapplicable in an FTCA suit. Under section 413, which is applicable, contractual arrangements may negate an employer's liability. See supra note 2; but cf., Gardner, 780 F.2d at 837 ("The fact that the contract requires specified safety precautions does not negate the employer's liability where the contractor fails to follow those specifications").[3] Where an employer conducts regular examinations to ascertain that contractually mandated safety procedures are being followed by the contractor, and is "reasonably satisfied" from the examinations, the trier of fact can conclude that the employer has discharged its duty of due care. See McGarry, 549 F.2d at 591.
 
 
 20
 The Postal Service specifically required Roebbelen to submit and comply with a comprehensive safety plan. It hired Roland/Miller to monitor Roebbelen's plan. Roland/Miller raised safety as an agenda item at its monthly meetings with Roebbelen. Roland/Miller's resident engineer generally toured the job site twice daily. He and the Roland/Miller project engineer notified Roebbelen of safety problems they had observed. Each testified that the openings he observed were covered or protected by handrails. The record supports the determination that the Postal Service exercised reasonable care.
 
 V. Alternate Theories of Liability
 
 21
 Lessnau contends that the district court erred in failing to address two alternate theories of liability: (1) that Roland/Miller, as agent of the United States Postal Service, negligently performed safety inspections, and (2) that the United States was liable as an owner of land for its failure to remedy dangerous conditions thereon.
 
 A. Negligent Inspection
 
 22
 Lessnau argues that the United States would be liable for the negligence of Roland/Miller under the common law if Roland/Miller was "acting on behalf of a federal agency in an official capacity, temporarily or permanently, in the service of the United States, whether with or without compensation." 28 U.S.C. § 2671 (1988). He argues that the district court erred by not considering whether Roland/Miller was acting on behalf of a federal agency and whether Roland/Miller was negligent in performing its inspections.
 
 
 23
 The district court found that Lessnau was collaterally estopped from asserting that the United States is liable for Roland/Miller's negligence. We review de novo the availability of collateral estoppel. Clark v. Bear Stearns & Co., Inc. 966 F.2d 1318, 1320 (9th Cir.1992). If available, its application is within the district court's discretion. Bates v. Union Oil Co. of California, 944 F.2d 647, 650 (9th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1761 (1992).
 
 
 24
 To foreclose relitigation of an issue under collateral estoppel: (1) the issue must be identical to that litigated in the prior proceeding; (2) it must have been actually litigated there; and (3) its determination must have been a critical and necessary part of the earlier judgment. Clark, 966 F.2d at 1321.
 
 
 25
 In prior litigation in the state court, Roland/Miller was granted summary judgment in a personal injury action brought by Lessnau, an action that arose out of the same incident as the present suit. The state trial court held that Roland/Miller had no duty to provide Lessnau with a safe workplace under labor law. Lessnau v. Roland/Miller, No. 142506 (Super.Ct.Cal., Sonoma County, January 13, 1987). It also held that Roland/Miller had no duty to protect Lessnau under the peculiar risk doctrine. Id. The appellate court affirmed, holding that Roland/Miller's contract with the Postal Service did not give rise to a duty of care toward Lessnau. Lessnau v. Roland/Miller, No. A037917 (Cal.Ct.App., First Dist., Div. 4, March 3, 1988). The court further held that Roland/Miller's conduct in performing the contract did not enhance or enlarge its responsibilities in such a way as to give rise to a duty toward Lessnau. Id.
 
 
 26
 The district court referenced the state trial court decision in its Conclusions of Law, determining that Lessnau was precluded from asserting Roland/Miller's negligence as a basis for the United States's liability because the state court had decided in the prior litigation that Roland/Miller had no duty toward Lessnau. The trial court decision dealt only with Roland/Miller's duty under labor law and under the peculiar risk doctrine and thus should not be preclusive as to a claim of common law negligence. However, if the appellate decision also is given its proper preclusive effect, Lessnau is left with no basis for his negligence claim, for that decision forecloses the argument that Roland/Miller had any duty to Lessnau arising out of either the contract with the United States or its performance. Lessnau has asserted no other basis for the proposition that Roland/Miller owed him a duty of care.
 
 
 27
 We may affirm on any ground supported by the record. Kruso v. Int'l Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 932 (1990). The district court should have cited to both the state trial and appellate decisions. However, its legal conclusion, that Lessnau is barred by collateral estoppel, was correct.
 
 
 28
 Lessnau argues that if Roland/Miller owed him no duty of care, the United States must not have delegated its responsibility for safety to Roland/Miller. Therefore, Lessnau argues, the United States could not have acted "reasonably" by doing so. However, the United States did not delegate its duty to Roland/Miller. It could not have done so because its duty was nondelegable. The United States fulfilled its duty of due care by: (1) hiring Roland/Miller to monitor and review Roebbelen's safety program and (2) providing by contract that Roebbelen undertake specified safety measures.[4]
 
 B. Landowner's Duty of Inspection
 
 29
 Lessnau also contends that the district court erred by failing to consider his theory that the United States breached its duty to inspect its land and render safe any dangerous conditions thereon. The district court's Findings of Fact indicate that Lessnau had been warned of the obvious danger, and that the covering for the hole had been removed to facilitate the work Lessnau was performing. These findings are supported in the record. We must apply California tort law to these facts.
 
 
 30
 Under California law, the obvious nature of a danger is insufficient, in and of itself, to shield the landowner from liability. Osborn v. Mission Ready Mix, 273 Cal.Rptr. 457, 466 (Ct.App.1990). It may negate the duty to warn, but it does not necessarily negate the duty to remedy. Id.
 
 
 31
 [I]f it is foreseeable that the danger may cause injury despite the fact that it is obvious (for example, when necessity requires persons to encounter it), there may be a duty to remedy the danger, and the breach of that duty may in turn form the basis for liability.
 
 
 32
 Id. at 468. Whether there is an absolute duty to remedy unsafe conditions depends upon several factors, which are delineated in Rowland v. Christian, 443 P.2d 561 (Cal.1968) (en banc). We need not remand for consideration of these factors because the scope of the duty is a question of law subject to de novo review. Henderson v. United States, 846 F.2d 1233, 1236 (9th Cir.1988).
 
 The Rowland factors include
 
 33
 the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendant's conduct and the injury suffered, the moral blame attached to the defendants conduct, the policy of preventing future harm, the extent of the burden to the defendant and consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved.
 
 
 34
 Id. (quoting Preston v. Goldman, 720 P.2d 476, 481-82 (Cal.1986)). The factors weigh against an absolute duty to repair. Lessnau was in the process of preparing the openings to be sealed; recognition of an absolute duty to repair would be nonsensical in these circumstances and is not mandated by the Rowland factors.
 
 
 35
 AFFIRMED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The California Supreme Court has stated that the term "special risk" is perhaps a more descriptively accurate label for the doctrine. Aceves v. Regal Pale Brewing Co., 595 P.2d 619, 622 (Cal.1979). See generally, discussion infra part III
 
 
 [2]
 Section 413 provides:
 Duty to Provide for Taking Precautions Against Dangers Involved in Work Entrusted to Contractor
 One who employs an independent contractor to do work which the employer should recognize as likely to create, during its progress, a peculiar unreasonable risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the absence of such precautions if the employer
 (a) fails to provide in the contract that the contractor shall take such precautions, or
 (b) fails to exercise reasonable care to provide in some other manner for the taking of such precautions.
 Restatement (Second) of Torts § 413.
 
 
 [3]
 Gardner does not alter our conclusion. It cites Rooney v. United States, 634 F.2d at 1244, which in turn cites Van Arsdale, 437 P.2d 508 (Cal.1968). However, as noted in the text, Van Arsdale dealt explicitly with Restatement (Second) section 416, which expressly imposes liability even though the employer has contracted for safety precautions, and which is inapplicable here
 
 
 [4]
 Lessnau's argument is appealing intuitively. Essentially, he argues: (1) that the United States has been relieved of tort liability because it hired Roland/Miller to monitor safety and (2) that Roland/Miller has been relieved of tort liability because under its contract with the United States it was not responsible for safety. The dilemma can be resolved, however, by stating Lessnau's incorrect unstated premise: that someone is liable in damages for his injury