104 F.3d 365
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Joe DENSON; Sharon Denson; Jason Denson; Jody Denson;
Michael Johnson; Brenda Johnson; Sharon Johnson; Carson
Johnson; Jim Charley; Beverly Charley; Vircynthia
Charley; Duane Charley; Calvin Charley; James Anderson;
Wanda Anderson; Jaime Bonilla; Lydia Bonilla; James
Bonilla; Frank Bonilla; Louis Bonilla; Keshia Bonilla;
James London; Rochelle London; Ralph Wesner; Cynthea
Wesner; and Ralph A. Wesner, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee,
Ball, Ball & Brosamer, Inc., Third-party-defendant-Appellee.
 No. 95-15979.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 12, 1996.
Decided Dec. 20, 1996.
 
 1
 Before: WIGGINS and TROTT, Circuit Judges, and VANCE, District Judge.*
 
 
 2
 MEMORANDUM**
 
 
 3
 This is a Federal Tort Claims Act case arising out of a construction site accident that occurred on February 1, 1989. Appellants include seven construction workers injured during the construction of the Waddell Pumping-Generating Plant, a United States Department of the Interior, Bureau of Reclamation ("BOR") project, and the family members of the injured workers. The seven workers were employees of Ball, Ball and Brosamer, Inc. ("BBB"), a subcontractor engaged by BOR. The workers were injured when the interior portion of a large, movable steel "form and traveler," which was being used to cast siphon pipe, slid down the interior of a 200-foot section of siphon pipe that had been cast on a 33% slope. The appellants sued the United States government alleging that employees of BOR were negligent in carrying out the Bureau's safety oversight responsibility at the worksite.
 
 
 4
 During the pretrial proceedings, the government filed a third-party complaint against BBB, alleging that the contractor had a contractual obligation to indemnify the government for any liability that the government might have had. BBB responded by filing a motion for summary judgment in which it contended that the Arizona legislature had abolished joint and several liability through the enactment of Ariz.Rev.Stat.Ann. § 12-2506, and the contractor owed no indemnity for the government's own negligence. In addition, the appellant-workers filed their own motion for summary judgment. They contended that the "acting in concert" exception to Arizona's several liability statute was applicable so that the government could be held jointly and severally liable for the appellants' entire damages. See Ariz.Rev.Stat.Ann. § 12-2506(D)(1). The trial court determined that the "acting in concert" exception did not apply and therefore held that the government's liability could only be several. Thus, the court granted BBB's motion for summary judgment and denied the appellants' motion.
 
 
 5
 The district court conducted a bifurcated bench trial, after which it assessed fault as follows: (1) BOR--20%; (2) BBB--60%; and (3) Appellant Ralph Wasner--20%. The district court explicitly found that BBB was primarily at fault because safety was principally BBB's responsibility, and because the main causes of the accident were affirmative actions taken by BBB. In contrast, the district court noted that BOR's fault stemmed only from its passive reaction to BBB's negligent actions. See ER Tab 11, p. 20. Moreover, the court held that a BOR inspector was not negligent in allowing the form and traveler to be secured solely with a bulldozer instead of with steel pins designed to keep the form secure. Id. at 6.
 
 
 6
 Appellants appeal the trial court's ruling that the government was not jointly and severally liable because it was not "acting in concert" with BBB, as well as the trial court's finding that BOR's inspector was not negligent in permitting the form and traveler to be secured to a bulldozer. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court on both counts.
 
 I. Standard of Review
 
 7
 Questions of law are reviewed de novo, Henderson v. United States, 846 F.2d 1233, 1236 (9th Cir.1988), as are mixed questions of law and fact. Campbell v. Wood, 18 F.3d 662, 681 (9th Cir.), cert. denied, 114 S.Ct. 2125 (1994). A district court's findings of fact are reviewed under the clearly erroneous standard. Exxon Company v. Sofec, Inc., 54 F.3d 570, 576 (9th Cir.1995), aff'd, 116 S.Ct. 1813 (1996). "Review under the clearly erroneous standard is significantly deferential, requiring a 'definite and firm conviction that a mistake has been committed.' " Concrete Pipe & Prod. v. Const. Laborers Pension Trust, 508 U.S. 602, 623, 113 S.Ct. 2264, 2280 (1993).
 
 II. Analysis
 
 8
 In 1987, through the enactment of Ariz.Rev.Stat.Ann. § 12-2506, the Arizona legislature abolished joint and several liability in all situations except those in which parties "act in concert" and in certain cases involving hazardous waste. Neil v. Kavena, 859 P.2d 203, 205 (Ariz.Ct.App.1993). The applicable version of § 12-2506[1] provides, in pertinent part:
 
 
 9
 D. The liability of each defendant is several only and is not joint, except that:
 
 
 10
 1. A party is responsible for the fault of another person, or for the payment of the proportionate share of another person, if both the party and the other person were acting in concert or if the other person was acting as an agent or servant of the party.
 
 
 11
 * * *
 
 F. As used in this section:
 
 12
 1. "Acting in concert" means pursuing a common plan or design to commit a tortious act and actively taking part in it.
 
 
 13
 Appellants contend that the trial court erred in ruling that the "acting in concert" exception in § 12-2506(D) and (F) requires that the parties' collaboration be "for the purpose of committing a tortious act." See Red Brief, p. 20. Rather, appellants assert that the "acting in concert" exception requires only that the parties participate in a common plan which results in a tortious act and that BOR's agreement with BBB to provide a safe work site, along with both BOR's and BBB's simultaneous negligence, were sufficient to trigger the exception. We are unpersuaded by appellants' reading of the statute.
 
 
 14
 The plain meaning rule provides that if the language of a statute is clear, and there is no ambiguity, then there is no need to interpret the statute by looking to the underlying intent of the legislature or to other extrinsic aids. See United States v. Neville, 985 F.2d 992, 995 (9th Cir.), cert. denied, 508 U.S. 943, 113 S.Ct. 2425 (1993). We apply the plain meaning rule to the "acting in concert" exception to section 12-2506. In so doing, we agree with the district court that the "acting in concert" exception has no application here. First, under the plain meaning of the statute, BOR's simple agreement with BBB to provide a safe work site does not amount to "pursuing a common plan or design to commit a tortious act." Ariz.Rev.Stat.Ann. § 12-2506(F)(1). Second, the evidence at trial demonstrated that BOR was at most simultaneously negligent, and even appellants concede that the statute does not impose joint and several liability simply for concurrent negligence. See Gray Brief at 2. Indeed, the district court correctly found that BOR's negligence arose only from its inaction in response to BBB's negligent actions, not from active participation in a common plan or design to commit negligence. See ER, Tab 11, p. 20. Thus, the exception is inapplicable for the additional reason that BOR's passivity failed to trigger it; this follows because the exception requires the tortfeasor to take part "actively" in the common design or plan. Ariz.Rev.Stat.Ann. § 12-2506(F)(1).
 
 
 15
 Appellants direct us to no controlling Arizona authorities supporting their proposed construction of the statutory "acting in concert" exception. Rather, they contend that the section should be construed consistently with pre-statutory, common law decisions imposing joint and several liability for acting in concert. However, the pre-statutory, common law authorities cited by appellants do not support the imposition of acting in concert liability when parties simply agree on a salutary objective, such as providing a safe work place. Rather, they typically involve an agreement to participate in wrongful behavior of some kind that directly and foreseeably produces injury. See e.g., Gomez v. Hensley, 145 Ariz. 176, 700 P.2d 874 (App.1984) (agreement by two drivers to speed recklessly down a highway); Bunker Hill & Sullivan Mining & Concentrating Co. v. Polack, 7 F.2d 583, 584 (9th Cir.), cert. denied, 269 U.S. 581 (1925) (common plan of the mining companies to dump waste and pollute streams); Elliott v. Barnes, 645 P.2d 1136 (Wash.App.1982) (common plan of real estate agents to relay erroneous information).
 
 
 16
 Finally, we find no clear error in the district court's determination that the January 26, 1989 method for securing the form and traveler to a bulldozer and without safety pins was not negligent. Appellee's expert, Charles Bartlett, testified that the use of pins was not required and that the bulldozer provided an adequate means to secure the form and traveler. Supp. ER, pp. 67-71. He further testified that the government's safety manual did not explicitly require the use of pins to secure the form and traveler. See ER Tab 3, § 19.2.3. This testimony provides a sufficient basis to support the district court's findings. Examination of the record does not leave one with the "definite and firm conviction that a mistake has been committed." Concrete Pipe & Prod. v. Const. Laborers Pension Trust, 508 U.S. 602, 623, 113 S.Ct. 2264, 2280 (1993). Thus, the trial court's determination was not clearly erroneous.
 
 
 17
 AFFIRMED.
 
 
 
 *
 The Honorable Sarah S. Vance, United States District Judge for the Eastern District of Louisiana, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 In 1993, the Arizona legislature amended Ariz.Rev.Stat. § 12-2506(F)(1) to provide:
 "Acting in concert" means entering into a conscious agreement to pursue a common plan or design to commit an intentional tort and actively taking part in that intentional tort. Acting in concert does not apply to any person whose conduct was negligent in any of its degrees rather than intentional. A person's conduct which provides substantial assistance to one committing an intentional tort does not constitute acting in concert if the person has not consciously agreed with the other to commit the intentional tort.
 Ariz.Rev.Stat.Ann. § 12-2506(F)(1). The amended § 12-2506 is not applicable to this case since the amendment applies only to cases filed after 1990.