966 F.2d 1318
 61 USLW 2032, Fed. Sec. L. Rep. P 96,821
 Isabel CLARK, Plaintiff-Appellee,
v.
BEAR STEARNS & CO., INC., a Delaware corporation; Morgan
Olmstead, Kennedy & Gardner Incorporated, a California
corporation; Gary Hankins, an individual; and Does 1
through 50, inclusive, Defendants-Appellants.
 No. 91-55263.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Feb. 7, 1992.
Decided June 12, 1992.
 
 Stephen Young, Keesal, Young & Logan, Long Beach, Cal., for defendants-appellants.
 John Hiskamp, Duke, Gerstel, Shearer & Bregante, San Diego, Cal., for plaintiff-appellee.
 Appeal from the United States District Court for the Southern District of California.
 Before: ALARCON, BEEZER and RYMER, Circuit Judges.
 BEEZER, Circuit Judge:
 
 
 1
 An arbitration panel dismissed state negligence and fraud claims brought against Bear Stearns & Co., Inc., as part of Isabel Clark's securities action. The district court concluded that the dismissal did not have preclusive effect on Clark's federal claims under section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5. The court denied the defendants' motion for summary judgment. Bear Stearns & Co., Inc., and Gary W. Hankins, a former Bear Stearns broker, appeal. We have jurisdiction pursuant to 28 U.S.C. § 1292(b) and we affirm.
 
 
 2
 * Arbitration provides a speedy and efficient method for the resolution of disputes. At least that is the theory. In practice, a dispute submitted for arbitration often drones on in the manner of Jarndyce v. Jarndyce,[1] becoming so convoluted in the course of time that no man or woman alive could hope to sort it out.
 
 
 3
 On January 9, 1988, more than four years ago, Isabel Clark brought a securities fraud action against Bear Stearns & Co., Inc., Morgan Olmstead Kennedy & Gardner, Inc., and Gary W. Hankins. Clark's complaint alleged violations of federal securities laws, fraud, breach of fiduciary duty, negligence and conversion. Clark did not specify under the laws of which state the common law violations allegedly occurred.
 
 
 4
 The district court ordered arbitration of all claims except Clark's federal claims arising under section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5. Those claims were stayed by the district court pending resolution of the arbitrable claims.
 
 
 5
 At the conclusion of the arbitration, the panel submitted a written decision and award. The panel found Morgan Olmstead Kennedy & Gardner, Inc., and Gary W. Hankins jointly and severally liable in the amount of $301,265. The award also stated with commendable clarity--but with no elaboration--that "[a]ll claims against Respondent Bear Stearns & Co., Inc. are dismissed."
 
 
 6
 On August 30, 1990, defendants Bear Stearns and Gary W. Hankins filed a motion for summary judgment in the district court. They contended that the arbitration award precluded Clark's claims under section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5. Specifically, they argued that Clark's federal claims were barred by the doctrines of res judicata and collateral estoppel.
 
 
 7
 After denying defendants' motion for summary judgment, the district court granted defendants' motion for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). We granted defendants' petition to appeal from the district court's denial of their motion for summary judgment and defendants timely filed their notice of appeal. Because Clark settled her federal claims against Morgan Olmstead, Bear Stearns and Hankins are the sole defendants-appellants.
 
 II
 
 8
 We review de novo a district court's grant or denial of a motion for summary judgment. Lockary v. Kayfetz, 917 F.2d 1150, 1153 (9th Cir.1990). Res judicata and collateral estoppel questions are also reviewed de novo. A & A Concrete v. White Mountain Apache Tribe, 781 F.2d 1411, 1414 (9th Cir.), cert. denied, 476 U.S. 1117, 106 S.Ct. 2008, 90 L.Ed.2d 659 (1986).
 
 III
 
 9
 Res judicata, or claim preclusion, prevents the relitigation of a claim previously tried and decided. Collateral estoppel, or issue preclusion, bars the relitigation of issues actually adjudicated in previous litigation between the same parties. 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 4402 (1981).
 
 
 10
 Res judicata bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action. McClain v. Apodaca, 793 F.2d 1031, 1033 (9th Cir.1986). In determining whether successive lawsuits involve the same cause of action, we consider: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. Costantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir.), cert. denied, 459 U.S. 1087, 74 L.Ed.2d 932 (1982).
 
 
 11
 To foreclose relitigation of an issue under collateral estoppel: (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action. Greenblatt v. Drexel Burnham Lambert, Inc., 763 F.2d 1352, 1360 (11th Cir.1985).
 
 
 12
 An arbitration decision can have res judicata or collateral estoppel effect even if the underlying claim involves the federal securities laws. C.D. Anderson & Co., Inc. v. Lemos, 832 F.2d 1097, 1100 (9th Cir.1987). In applying res judicata and collateral estoppel to an arbitration proceeding, we make an examination of the record, if one exists, including any findings of the arbitrators. See, e.g., Emich Motors Corp. v. General Motors Corp., 340 U.S. 558, 569, 71 S.Ct. 408, 414, 95 L.Ed. 534 (1950). We must decide whether a rational factfinder could have reached a conclusion based upon an issue other than that which the defendant seeks to foreclose. See Ashe v. Swenson, 397 U.S. 436, 444, 90 S.Ct. 1189, 1194, 25 L.Ed.2d 469 (1970). When the issue for which preclusion is sought is the only rational one the factfinder could have found, then that issue is considered foreclosed, even if no explicit finding of that issue has been made. Id.
 
 
 13
 The party asserting preclusion bears the burden of showing with clarity and certainty what was determined by the prior judgment. United States v. Lasky, 600 F.2d 765, 769 (9th Cir.), cert. denied, 444 U.S. 979, 100 S.Ct. 480, 62 L.Ed.2d 405 (1979). "It is not enough that the party introduce the decision of the prior court; rather, the party must introduce a sufficient record of the prior proceeding to enable the trial court to pinpoint the exact issues previously litigated." Id. Where the record before the district court was inadequate for it to determine whether it should apply the doctrine of collateral estoppel, we will not consider the issue on appeal. Id. See also Hernandez v. City of Los Angeles, 624 F.2d 935, 937 (9th Cir.1980).
 
 IV
 
 14
 By definition, res judicata bars only those grounds for recovery which could have been asserted in the prior litigation. McClain v. Apodaca, 793 F.2d at 1033. If a claim could not have been asserted in prior litigation, no interests are served by precluding that claim in later litigation. Another way of stating the same principle is that a claim is not barred by res judicata if the forum in which the first action was brought lacked subject matter jurisdiction to adjudicate that claim. See Restatement (Second) of Judgments § 26(1)(c); Cullen v. Margiotta, 811 F.2d 698, 732 (2d Cir.), cert. denied, 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 764 (1987).
 
 
 15
 Here, pursuant to the terms of Bear Stearns' agreement with Clark, the district court refused to compel arbitration of Clark's federal securities claims, and, in the process, retained jurisdiction for itself. See, e.g., Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 220 n. 6, 105 S.Ct. 1238, 1242 n. 6, 84 L.Ed.2d 158 (1985) (explaining that enforcing agreement to arbitrate ousts court from its jurisdiction). Because the arbitration panel did not have subject matter jurisdiction over Clark's federal claims, Clark could not have brought those claims in the prior proceeding. Consequently, they are not barred by res judicata.
 
 V
 
 16
 The Supreme Court foreshadowed the second issue that we must address in Dean Witter Reynolds Inc. v. Byrd, 470 U.S. 213, 105 S.Ct. 1238, 84 L.Ed.2d 158 (1985). There, after holding that arbitration of state-law claims is appropriate even when a complaint also raises nonarbitrable federal securities claims, the Court stated that "[t]he collateral-estoppel effect of an arbitration proceeding is at issue only after arbitration is completed ... and we therefore have no need to consider [it] now...." Id. at 223, 105 S.Ct. at 1244.[2] Here, by contrast, the arbitration is complete and we cannot avoid the issue.
 
 
 17
 The defendants contend that Clark's failure to prevail at arbitration on her common law negligence and fraud claims necessarily precludes her from proving a section 10(b) claim based upon fraud.[3] Resolving this issue on appeal is more analogous to peering the wrong way through a telescope than peering the right way through a microscope. We reduce the universe of relevant inquiry to one simple question: Can the defendants meet their burden of showing with clarity and certainty what issues were determined in the arbitration? We believe that they cannot.
 
 
 18
 The first obstacle faced by the defendants involves the choice of law selected by the arbitrators, which is never mentioned in the award. The actions complained of took place in California, which is where the lawsuit was filed and where the arbitration was conducted. At oral argument counsel assumed that California law applied to Clark's state law claims. Bear Stearns' customer agreement, however, states that New York law applies to any controversy arising out of Clark's account. This discrepancy would be of no moment if New York and California common law were identical, but they are not. They are as different as the Atlantic and the Pacific.
 
 
 19
 Here, if the arbitration panel applied California law, the defendants' alleged negligence need not have been addressed by the arbitrators at all. The arbitration panel need only have found merit in Bear Stearns' and Hankins' defense that Clark's common law negligence claim was barred by California's two-year statute of limitations. See Cal.Civ.Proc.Code § 339 (West); Robuck v. Dean Witter & Co., Inc., 649 F.2d 641, 644 (9th Cir.1980). In comparison, claims litigated under section 10(b) and Rule 10b-5 must be filed within one year after the discovery of the facts constituting the violation, but in no event later than three years after the violation. Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson, --- U.S. ----, 111 S.Ct. 2773, 2782, 115 L.Ed.2d 321 (1991). Before Lampf, California's three-year statute of limitations applied. Davis v. Birr, Wilson & Co., Inc., 839 F.2d 1369, 1369-70 (9th Cir.1988). Clark's failure to prevail on a California negligence claim would not necessarily preclude her from proving a federal securities claim, which has a different, and in some instances longer, limitations period.
 
 
 20
 If the arbitration panel applied New York law, a different problem arises. Under New York law, the burden of proof for common law fraud requires clear and convincing evidence, a more stringent standard than the preponderance of the evidence standard applicable to fraud claims brought under section 10(b) and Rule 10b-5. See Katara v. D.E. Jones Commodities, Inc., 835 F.2d 966, 970-71 (2d Cir.1987). Because collateral estoppel does not preclude claims that have a different burden of proof than previously decided claims, a failure to prevail on a fraud claim under New York law would not preclude a fraud claim under federal law. See U.S. Aluminum Corp./Texas v. Alumax, Inc., 831 F.2d 878, 879-80 (9th Cir.1987), cert. denied, 488 U.S. 822, 109 S.Ct. 68, 102 L.Ed.2d 45 (1988).
 
 
 21
 No transcript of the arbitration was filed with the district court and no evidence submitted to the arbitration panel became part of the district court record. In the final analysis, the defendants did not show with clarity and certainty what issues were determined in the arbitration.[4] Because the defendants did not introduce a sufficient record of the arbitration to enable the trial court to pinpoint the exact issues previously determined, defendants have failed to meet their burden. Hernandez v. City of Los Angeles, 624 F.2d at 937. Consequently, Clark's federal claims are not barred by collateral estoppel.
 
 VI
 
 22
 We hold that the arbitration award does not preclude Clark's claims under section 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5.
 
 
 23
 AFFIRMED.
 
 
 24
 RYMER, Circuit Judge, concurring in the judgment:
 
 
 25
 I concur in the judgment on the ground that, in this case, Bear Stearns failed to carry its burden on summary judgment of producing an adequate record. However, because neither the statute of limitations, nor differences in the common law of fraud in New York and California, was briefed by the parties or is necessary to the decision, I cannot join the majority opinion.
 
 
 
 [1]
 Jarndyce and Jarndyce drones on. This scarecrow of a suit has, in course of time, become so complicated, that no man alive knows what it means. The parties to it understand it least; but it has been observed that no two Chancery lawyers can talk about it for five minutes, without coming to a total disagreement as to all the premises. Innumerable children have been born into the cause; innumerable people have died out of it. Scores of persons have deliriously found themselves made parties in Jarndyce and Jarndyce, without knowing how or why
 C. Dickens, Bleak House 38 (E. Johnson ed. 1965) (London 1853).
 
 
 [2]
 The Court in Byrd was concerned with protecting federal rights from the collateral estoppel effects of arbitration. Two years later the Court decided that those very same rights were, themselves, arbitrable. See Shearson/American Express Inc. v. McMahon, 482 U.S. 220, 107 S.Ct. 2332, 96 L.Ed.2d 185 (1987). Unlike McMahon, there is no dispute here that Bear Stearns' agreement with Clark explicitly reserved from arbitration Clark's federal claims. We enforce privately negotiated agreements to arbitrate, like other contracts, in accordance with their terms. Volt Info. Sciences v. Leland Stanford Jr. Univ., 489 U.S. 468, 478, 109 S.Ct. 1248, 1255, 103 L.Ed.2d 488 (1988). Consequently, Byrd, but not McMahon, is relevant to this case
 
 
 [3]
 Hankins argues that he "prevailed with respect to the claims against him relating to the time when he was employed by Bear Stearns since all charges against Bear Stearns were dismissed."
 
 
 [4]
 Such a result could have been avoided if the arbitration panel had made specific findings of fact and conclusions of law similar to those required of the district court under Fed.R.Civ.P. 52(a)