17 F.3d 395
 148 L.R.R.M. (BNA) 2319
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
ALBERTSON'S, INC., Respondent.
 No. 91-70626.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 11, 1993.
Decided Feb. 24, 1994.
 
 Before: BRUNETTI, LEAVY, and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The National Labor Relations Board (the "Board") is applying for enforcement of its order dated December 21, 1990, in which it affirmed the finding of an administrative law judge (ALJ) that Albertson's had violated the National Labor Relations Act (the "Act") by prohibiting employees from wearing union dues buttons. We deny the Board's application for enforcement because the Board's decision in Albertson's Inc., 272 N.L.R.B. 865 (1984) ("Albertson's I") precludes the Board from finding the revised button rule to be a violation of the Act.
 
 
 3
 A Board determination has preclusive effect under the doctrine of collateral estoppel when the determination was made "in a proceeding complying with standards of due process and when the findings are supported by substantial evidence in the record." Building Materials and Constr. Teamsters v. Granite Rock Co., 851 F.2d 1190, 1195 (9th Cir.), cert. denied, 488 U.S. 986 (1988). The Board does not contest the fairness of the proceedings leading to Albertson's I.
 
 
 4
 Collateral estoppel bars a party from relitigating an issue if
 
 
 5
 (1) the issue at stake [is] identical to the one alleged in the prior litigation; (2) the issue [was] actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation [was] a critical and necessary part of the judgment in the earlier action.
 
 
 6
 Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir.1992). Applying these factors, we agree with Albertson's that the Board is estopped from finding the revised button rule to be a violation of the Act. When the Board held in Albertson's I that the original blanket button ban was "unlawfully broad because it applies to nonselling as well as selling areas of the stores and applies to employee breaktime as well as time when employees are working," it impliedly held that a sufficiently narrow button ban would be lawful. Albertson's I, 272 N.L.R.B. at--(emphasis added).[1] Albertson's cured the unlawful overbreadth of the original rule by modifying it to "prohibit[ ] the wearing of union buttons by employees only in selling areas of the store when employees are working." Id (emphasis added). The Board is now attempting to invalidate this rule, the very one that it impliedly upheld in the earlier proceeding. Because the validity of the rule was litigated and upheld in Albertson's I, we hold that the Board is estopped from finding that the rule violates the Act.
 
 
 7
 The ALJ found that Albertson's I was aimed at the "Equity in 83" button and thus had no preclusive effect on the present dispute, which concerns union dues buttons. We agree with Albertson's that the plain language of Albertson's I indicates that the ruling applied to all union buttons and not just the "Equity in 83" button. Albertson's I explicitly refers to the rule against "buttons provided by any union" and to the "restriction of buttons" without distinguishing between types of union buttons. The ALJ's reading of the decision, which departed from the plain language and relied on the factual "context" of the case viewed in the light of prior Board decisions, would have been appropriate only if this language were ambiguous--which it was not.
 
 
 8
 The Board's application for enforcement is therefore DENIED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Board reinforced this implied holding when it ordered Albertson's to cease and desist from "promulgating, maintaining, and enforcing an overly broad rule that prohibits employees from wearing buttons provided by any union." Id. (emphasis added)