65 F.3d 174
 RICO Bus.Disp.Guide 8887
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward H. GREENBERG, Plaintiff-Appellant,
v.
PAINEWEBBER, INCORPORATED, Defendant-Appellee.
 No. 94-56602.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Aug. 22, 1995.
 
 Before: ALARCON, FERNANDEZ and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Edward Greenberg appeals pro se the district court's dismissal of his securities fraud action on res judicata grounds. Greenberg contends that PaineWebber, Incorporated ("PaineWebber") violated: (1) various anti-fraud provisions of the securities laws;[1] (2) the Racketeer Influenced and Corrupt Organizations Act of 1970 ("RICO"), 18 U.S.C. Sec. 1961-1968; and (3) the Due Process and Equal Protection Clauses of the United States Constitution, by selling unregistered securities to him and using a deceptive marketing scheme. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 Greenberg contends that the district court erred by finding his action precluded by a prior New York Stock Exchange ("NYSE") arbitration proceeding regarding "fraud in connection with purchase of Global Health Sciences" stock. This contention lacks merit.
 
 
 4
 We review de novo the district court's determination regarding the application of res judicata. Clark v. Bear Stearns & Co., 966 F.2d 1318, 1320 (9th Cir.1992). Securities arbitration determinations can have preclusive effect. Id. at 1321 (citing C.D. Anderson & Co. v. Lemos, 832 F.2d 1097, 1100 (9th Cir.1987)). "Res judicata bars all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties on the same cause of action. Id. at 1320 (citing McClain v. Apodaca, 793 F.2d 1031, 1033 (9th Cir.1986)).
 
 
 5
 Greenberg filed a complaint with the NYSE in 1992 claiming that he was defrauded by PaineWebber's allegedly unethical marketing practices. "[A]fter consideration of all claims," the NYSE arbitration panel awarded Greenberg $2,350. Greenberg then brought suit in federal district court seeking to vacate the NYSE arbitration award pursuant to the Federal Arbitration Act, 9 U.S.C. section 10. Greenberg contended that his arbitration panel was biased and exhibited a manifest disregard for the law. See Greenberg v. PaineWebber, Incorporated, No. CV-92-06919-AAH (C.D.Cal. filed March 2, 1993). The district court vacated the arbitration award, see id., but that decision was reversed by this court, and remanded with instructions that the award be confirmed, see Greenberg v. PaineWebber, Incorporated, No. 93-55516 (9th Cir. unpublished memorandum disposition Dec. 20, 1993) ("Greenberg I ").
 
 
 6
 Greenberg's present action "seeking punitive damages for aggravated scienter in fraudulent sale of securities" raises the same claim of securities fraud which he raised in the arbitration proceeding against PaineWebber. Accordingly, Greenberg's claims of fraud in the sale of securities are barred by res judicata. See Clark, 966 F.2d at 1320. Moreover, because Greenberg's RICO claim against PaineWebber arises out of the same transactional nucleus of facts, and therefore could have been raised in his prior action against PaineWebber, this claim is barred by res judicata. See Shearson/American Express Inc. v. McMahon, 482 U.S. 220, 242 (1987) (holding RICO claims arbitrable under the Arbitration Act); see also Constantini v. Trans World Airlines, 681 F.2d 1199, 1201-02 (9th Cir.1982) (setting forth the criteria used to determine whether successive lawsuits involve the same cause of action), cert. denied, 459 U.S. 1087 (1982).
 
 
 7
 Finally, Greenberg's constitutional challenges to compulsory securities arbitration and to the validity and finality of his arbitration award were raised or could have been raised in his prior district court action against PaineWebber. Accordingly, these claims also are precluded by res judicata. See Clark, 966 F.2d at 1320.
 
 
 8
 The district court did not err by dismissing Greenberg's action as barred by res judicata. See id. at 1320-21.[2]
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Greenberg's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Greenberg asserted violations under: (1) section 5(c) of the Securities Act of 1933, 15 U.S.C. Sec. 77e ("Prohibitions relating to interstate commerce and the mails"); (2) section 17(a) of Securities Act of 1933, 15 U.S.C. Sec. 77q ("Fraudulent interstate transactions"); and (3) section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. Sec. 78j ("Manipulative and deceptive devices")
 
 
 [2]
 Because it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment," Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987), the district court did not err by dismissing Greenberg's amended complaint without notice and an opportunity to amend
 Greenberg's contention that the district court's order for expedited proceedings deprived him of his right to trial by jury is without merit. See Sengupta v. Morrison-Knudsen Co., 804 F.2d 1072, 1077 n. 3 (9th Cir.1986) (noting that jury trial is unnecessary if no bona fide question of material fact exists).