**ULUFALEILUPE SAFUE, Appellant,**

**v.**

**UIAGALELEI IONA, Appellee**

High Court of American Samoa
Appellate Division

AP No. 25-98
Consolidated Cases:
LT No. 31-91
LT No. 46-92
LT No. 17-94
LT No. 17-95

November 22, 2002

Counsel: For Appellant Ulufaleilupe Safue, Gata E. Gurr, Esq.
 For Appellee Uiagalelei Iona, Katopau T. Ainu`u, Esq.

## OPINION AND ORDER

### Introduction

This appeal arises out of numerous consolidated cases involving land disputes between Ulufaleilupe Safue, the representative of the Ulufale Family, and Uiagalelei Iona, the representative of the Uiagalelei family. One of the disputes, LT No. 31-91, concerns a half-acre property that the trial court found belongs to the Uiagaleiei family. The Ulufale family appeals, arguing that the trial court should have found that the Ulufale family owned the property based on issue preclusion. We disagree, as prior litigation did not dispose of the Uiagalelei family's ownership claim.

The Ulufale family next argues that the trial court lacked substantial evidence on which to base its decision that the Uiagalelei family owns the half-acre property. We disagree, as the trial court received evidence that supported its decision.

The other cases, LT. No 46-92, LT No. 17-94, and LT No. 17-95, involve a dispute over the ownership of approximately ten acres of land. The Ulufale family argues that, with respect to these ten acres, the trial court's decision in favor of the Uiagalelei family was not supported by substantial evidence. Again, we disagree, as there was evidence supporting the award of the property to the Uiagalelei family.

Accordingly, this court affirms the trial court's decision that the properties in dispute belong to the Uiagalelei family.

### Analysis

A. The Trial Court's Award of the Half-Acre Property to the Uiagalelei

---

[*] The Honorable J. Clifford Wallace, Senior Circuit Judge, United States Court of Appeal for the Ninth Circuit, sitting by designation of the Secretary of the Interior.
[**] The Honorable Susan Oki Mollway, District Judge, United States District Court for the District of Hawaii, sitting by designation of the Secretary of the Interior.

Family is Affirmed.

### 1. Issue Preclusion Does Not Apply to this Case

The Ulufale family first argues that the trial court's decision awarding the half-acre property to the Uiagalelei family should be reversed in light of the decision in an earlier case. We do not read the appellate decision in the earlier case as disposing of the ownership issue.

The earlier action was brought by the Uiagalelei family to evict the Ulufale family from the half-acre property in issue here. The trial court denied the eviction request on the ground that the Ulufale family had established its ownership of the half-acre property. On appeal, this court affirmed the denial of the eviction request but noted that the trial court's findings were "not dispositive of the question of title to the land." *Uiagalelei v. Ulufale*, 26 A.S.R.2d 118, 119 (App. Div. 1994). This court further stated that the "true holder of title will have to be left to further determination." *Id.*

The Ulufale family argues that the earlier appellate decision should be read as providing that the eviction action resolved the issue of ownership only as between the Ulufale family and the Uiagalelei family leaving open the possibility that other persons not party to the eviction action might object to the Ulufale family's claim of ownership in a separate title dispute. If that were all that had been intended by the earlier decision, this court need never have stated that the issue of title was left to further determination. It went without saying that persons who were not party to the eviction action could not have their ownership claims determined by the eviction ruling in which they had no opportunity to participate. This court's 1994 decision clearly means something more than that.

The 1994 decision was limited to an affirmance of only the eviction issue. This court said, "The trial court's opinion, as it specifically decides the eviction action, however, is hereby AFFIRMED." *Id.* at 119 In its specific reference to the eviction action, this court was affirming the result, which was only the denial of the eviction request. A ruling on ownership was not necessary to the appellate decision, and had not been necessary to the trial court's decision. The trial court had only needed to determine whether, as the plaintiff, the Uiagalelei family had met its burden of showing entitlement to eviction by a preponderance of the evidence. If the Uiagalelei family failed to meet its burden, eviction had to be denied. It was not necessary for the trial court to go further and determine that the Ulufale family owned the property. Thus, any statement by the trial court in the eviction action that the Ulufale family owned the half-acre property was dicta. Affirmance did not turn on ownership. Affirmance was justified on the ground that the Uiagelelei

family had failed to meet its burden in seeking eviction. Thus, while affirming the denial of eviction, the earlier appellate decision did not determine that the Ulufale family's ownership claim prevailed over the Uiagalelei family's ownership claim.

 The "relitigation of issues actually adjudicated in previous litigation between the same parties" is barred by issue preclusion, also known as collateral estoppel.[1] *Kamilche Co. v. United States*, 53 F.3d 1059, 1062 (9th Cir 1995) (quoting *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992)), *as amended on rehearing*, 75 F.3d 1391 (9th Cir. 1996). To foreclose relitigation of an issue under collateral estoppel: "(1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action." *Offshore Sportswear, Inc. v. Vuarnet Int'l, B.V.*, 114 F.3d 848, 850 (9th Cir. 1997) (quoting *Clark*, 966 F.2d at 1320).

██ The Ulufale family argues that the "very issue of ownership was raised" in the eviction action and that the court in the eviction action "held that the land involved belonged to the Ulufaleilupe family by a preponderance of the evidence." As the party claiming issue preclusion, the Ulufale family has the burden of demonstrating that ownership of the land was actually litigated and necessarily determined in the eviction action. *See Clark*, 966 F.2d at 1321. While ownership was clearly raised in the earlier case, the prior decision does not, on its face, show that a determination as to ownership was necessary to the eviction decision. For that reason, the Ulufale family may not rest its argument on the prior decision alone. The Ulufale family had to introduce a sufficient record of the prior proceeding to allow the court to determine not only the exact issues previously litigated, but also the necessity in the earlier case of the determination on which the Ulufale family now relies. *Id.* Given the absence of such a record, this court cannot conclude that the trial court in

---

[1] The parties have spoken of the issue as being one of *res judicata*. That term, while sometimes used for claim preclusion, is sometimes used to refer to both claim preclusion and issue preclusion. *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 45 U.S. 75, 77 n.1 (1984) ("Res judicata is often analyzed further to consist of two preclusion concepts: 'issue preclusion' and 'claim preclusion'"). Claim preclusion provides that a final judgment on the merits of an action precludes the parties from relitigating all issues connected with the action that were raised or could have been raised in that action. *Rein v. Providian Fin. Corp.*, 270 F.3d 895, 898-99 (9th Cir. 2001). The Ulufale family did not argue that title to the half-acre property could have been litigated in the eviction action. Accordingly, we do not address whether claim preclusion applies.

the eviction action necessarily decided ownership of the half-acre property. Accordingly, the Ulufale family has not demonstrated that the trial court erred in declining to apply issue preclusion.

*2. Substantial Evidence Supports the Trial Court's Decision to Award the Half-Acre Property to the Uiagalelei Family*

Appellants who seek to overturn a trial court's findings of fact on appeal bear the "heavy burden of showing that these findings were 'clearly erroneous.'" *Toleafoa v. Tiaipula*, 12 A.S.R.2d 56, 57 (App Div. 1989); *see also* A.S.C.A. § 43.0801(b). A finding of fact is clearly erroneous "when the entire record produces the definite and firm conviction that the court below committed a mistake." *E.W. Truck & Equip. Co. v. Coulter*, 20 AS.R.2d 88, 92 (App. Div. 1992).

In reviewing for clear error, "the question is whether there was substantial evidence to support the trial court's conclusions." *Moea`i v. Alai'a*, 12 A.S.R.2d 91, 93 (App. Div. 1989). The appellate court will not disturb the trial court's findings when they are supported by substantial evidence, even if the appellant's position is also supported by substantial evidence. *Afoa v. Asi*, 20 A.S.R.2d 81, 83 (App. Div. 1992). "It is not within the province of the appellate court to reweigh the evidence and interfere with a decision based on the lower court's choice of one version of the facts over another." *Utuutuvanu v. Mataituli*, 12 A.S.R.2d 88, 90 (App. Div. 1989). Credibility of witnesses is "uniquely the prerogative of the trial court." *Id.*; *accord Afoa*, 20 AS.R.2d at 83. In other words, substantial evidence exists to support a finding of fact when a reasonable person could reach the factual determination based on the evidence presented.

The Ulufale family claims that the trial court's decision awarding title to the half-acre property to the Uiagalelei family is clearly erroneous because it is not supported by substantial evidence. We disagree. In addition to considering family history testimony from both sides, the trial court noted that the disputed land was entirely surrounded by Uiagalelei family land and buildings. The trial court relied on this as evidence that the disputed land was owned by the Uiagalelei family. This was proper.[2]

---

[2] The Ulufale family relies on *Ifopo v. Siatu`u*, 10 A.S.R.2d 66, 74 (Land & Titles Div. 1989), for the proposition that this was not persuasive evidence. This reliance is misplaced. In *Ifopo*, the plaintiff claimed that the disputed land was communal land, even though it had been registered, as individual land more than forty years earlier. *See id.* at 68. The court declined to overturn the registrar's records based on the plaintiff's argument that, because the disputed land was surrounded by communal land, the disputed land must also be communal land. *See id.*

disputed land as evidence of ownership, occupation of land by one family is not inconsistent with ownership by another family. The occupation may have been with the permission of the owning family. *Leota v. Faumuina*, 4 A.S.R.2d 11, 12 (App. Div. 1997). A reasonable person could have concluded from this evidence that the half-acre parcel belongs to the Uiagalelei family despite other evidence indicating that the property belongs to the Ulufale family. This Court therefore affirms the trial court's decision to award title to the property to the Uiagalelei family.

B. Substantial Evidence Supports the Trial Court's Decision to Award the Ten-Acre Property to the Uiagalelei Family

The Ulufale family next contends that the trial court's decision to award the ten-acre property to the Uiagalelei family was clearly erroneous because it was not supported by substantial evidence. Again, we disagree.

■ The trial court's finding that the Uiagalelei family owns the ten acres of land was supported by substantial evidence. This included testimony from Uiagalelei concerning both personal knowledge he had about the land as well as family history relayed by his late father, the family's previous senior *matai*. Uiagalelei testified as to various landmarks and monuments establishing the boundaries of his survey, as well as to his family's historic and recent use and control of the land. The trial court deemed this testimony credible. As credibility determinations are "uniquely the prerogative of the trial court," *Utuutuvanu*, 12 A.S.R.2d at 90, this Court will not upset that determination.

■ The Ulufale family contends that Uiagalelei's testimony does not constitute substantial evidence because it is based on hearsay. While it is true that "family history and tradition . . . hardly, without more, affords substantial evidence in the face of direct evidence to the contrary," *see Tupuola v. Tu`ufuli*, 1 A.S.R.2d 80, 81 (App. Div 1983), the trial court's finding was supported by additional evidence. Monuments, family houses, graves, a pigsty wall, and other traditional boundary markers corroborated the testimony of Uiagalelei. The trial court accepted the Uiagalelei family's position on boundaries, noting that the Ulufale family's survey did not rely on any ascertainable monuments and that the Ulufale family was claiming land containing Uiagalelei family members' homes and graves. Finally, the court relied on the Uiagalelei family's

---

communal land, the disputed land must also be communal land. *See id.* at 74. *Ifopo* does not stand for the proposition that the character of surrounding land may never be used as evidence of ownership of a parcel of land.

continuing open use and occupation of the disputed land as evidence of ownership by that family. This evidence certainly supports the trial court's determination that the ten-acre property belongs to the Uiagalelei family.

While the Ulufale family points to other evidence supporting its claim, the test in any review for clear error is not whether the appellant's position is also supported by substantial evidence, but simply whether the appellee's position is supported by substantial evidence. As the Uiagalelei family's position is supported by substantial evidence, the trial court decision is affirmed.

It is so ordered.

