**Casey Lee JOHNSON, Plaintiff— Appellant,**

v.

**Theodore KULONGOSKI; et al., Defendants—Appellees.**

No. 04–35752.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.*

Decided Aug. 12, 2005.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

Before: O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

MEMORANDUM ***

Casey Lee Johnson, an Oregon state prisoner, appeals pro se the district court's summary judgment in favor of defendants in his 42 U.S.C. § 1983 action alleging violations of the Americans with Disabilities Act ("ADA"), the Rehabilitation Act, and several constitutional amendments. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo summary judgment. *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir.1994) (per curiam). We may affirm on any ground supported by the record. *See Trimble v. City of Santa Rosa*, 49 F.3d 583, 584 (9th Cir.1995) (per curiam).

With respect to defendants Kulongoski, Reed, Meyers, de Haan, Morrow, Hill, and Belleque, the district court properly granted summary judgment because Johnson attempted to base their liability on a respondeat superior theory. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir.1989).

The district court properly granted summary judgment on Johnson's ADA and Rehabilitation Act claims because he failed

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

*** This disposition is not appropriate for publication and may not be cited to or by the

to raise a genuine issue of material fact as to whether the remaining defendants denied him the benefit of any services, programs, or activities on the basis of his disability. *See Duffy v. Riveland,* 98 F.3d 447, 454–55 (9th Cir.1996).

■ To the extent Johnson claimed that he was denied access to the courts, summary judgment was proper because he failed to present evidence that he suffered actual injury to "contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis v. Casey,* 518 U.S. 343, 348, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996).

■ Because Johnson could have asserted his Eight Amendment claim in his prior federal civil rights action and failed to do so, the district court did not err by dismissing this claim on the grounds of res judicata. *See Clark v. Bear Stearns & Co.,* 966 F.2d 1318, 1320–21 (9th Cir.1992).

■ The district court did not abuse its discretion in denying Johnson's motion for appointment of counsel because he did not demonstrate any exceptional circumstances. *See Terrell v. Brewer,* 935 F.2d 1015, 1017 (9th Cir.1991).

Contrary to Johnson's contention, the district court gave him fair notice of the requirements for responding to a motion for summary judgment. *See Rand v. Rowland,* 154 F.3d 952, 960–61 (9th Cir. 1998) (en banc).

All remaining contentions are unpersuasive.

AFFIRMED.