**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

RASHEEN D. FAIRLY,

        Petitioner - Appellant,

v.

UNITED STATES OF AMERICA,

        Respondent - Appellee.

No. 08-56180

D.C. No. 2:08-cv-03471-JVS-RZ

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted February 16, 2010[**]
San Francisco, California

Before: HUG, BEEZER and HALL, Circuit Judges.

    Prisoner Rasheen D. Fairly appeals pro se from the district court's denial of his 28 U.S.C. § 2241 petition for a writ of habeas corpus challenging his 1996 jury conviction resulting in a mandatory life sentence. We review de novo the district

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's application of collateral estoppel.  McQuillion v. Schwarzenegger, 369 F.3d 1091, 1096 (9th Cir. 2004).  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

The facts of this case are known to the parties.  We do not repeat them.

Collateral estoppel prevents parties from relitigating issues that were adjudicated in a previous dispute between the same parties.  Clark v. Bear Stearns & Co., Inc., 966 F.2d 1318, 1320 (9th Cir. 1992).  Collateral estoppel applies when "(1) the issue at stake [is] identical to the one alleged in the prior litigation; (2) the issue [was] actually litigated in the prior litigation; and (3) the determination of the issue in the prior litigation [was] a critical and necessary part of the judgment in the action."  Id.

Collateral estoppel prevents Fairly from relitigating the issue of whether he may file a 28 U.S.C. § 2241 petition under the "escape hatch" of 28 U.S.C. § 2255.  See Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (describing the application of § 2255's "escape hatch").  First, Fairly litigated a previous § 2241 petition against the United States in the Central District of California in 2006.  Second, in that action, the parties litigated the issue of whether Fairly could collaterally attack his 1990 conviction in a § 2241 petition for a writ of habeas corpus under the "escape hatch" of § 2255.  Third, the district court decided that

2

Fairly could not bring a § 2241 petition because he did not qualify for the § 2255 "escape hatch." Further, Fairly had nearly identical habeas corpus arguments heard in 2008.

**AFFIRMED.**