**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: SCOTT R. SMITH, | No. 10-60009 |
| Debtor. | BAP No. 09-1117 |
| SCOTT R. SMITH, | MEMORANDUM[*] |
| Appellant, | |
| v. | |
| ENTREPRENEUR MEDIA, INC., | |
| Appellee. | |

Appeal from the Ninth Circuit
Bankruptcy Appellate Panel
Markell, Montali, and Jury, Bankruptcy Judges, Presiding

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Scott R. Smith, a Chapter 7 debtor, appeals pro se from the Bankruptcy

Appellate Panel's ("BAP") judgment affirming the bankruptcy court's judgment

determining that Smith's debt to Entrepreneur Media, Inc. ("EMI") is

nondischargeable in bankruptcy under 11 U.S.C. § 523(a)(6). We have jurisdiction

under 28 U.S.C. § 158(d). We review de novo the bankruptcy court's conclusions

of law and for clear error its findings of fact. *Petralia v. Jercich (In re Jercich)*,

238 F.3d 1202, 1204-05 (9th Cir. 2001). We affirm.

The bankruptcy court properly determined that the debt in question resulted

from a willful and malicious injury and therefore was not subject to discharge

under 11 U.S.C. § 523(a)(6). *See Papadakis v. Zelis (In re Zelis)*, 66 F.3d 205,

208-09 (9th Cir. 1995) (setting forth elements of § 523(a)(6), and affirming

bankruptcy court's determination that debtor's conduct resulting in state court's

award of sanctions was willful and malicious and therefore sanctions were

nondischargeable). Contrary to Smith's contentions, the bankruptcy court did not

err in giving preclusive effect to the district court's decision determining that

Smith infringed on EMI's trademark and awarding EMI attorney's fees. *See Clark*

*v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992) (setting forth elements

of issue preclusion under federal law); *see also Earthquake Sound Corp. v. Bumper*

*Indus.*, 352 F.3d 1210, 1216 (9th Cir. 2003) (court may award attorney's fees only

in exceptional trademark cases where defendant acted maliciously, fraudulently, deliberately, or willfully).

We do not consider Smith's contentions concerning the bankruptcy court's failure to sanction EMI sua sponte because Smith lacks standing, as he was not "directly and adversely affected pecuniarily" by the decision and hence does not qualify as a "person aggrieved." *Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.)*, 177 F.3d 774, 777 (9th Cir. 1999) (discussing additional prudential standing requirement in bankruptcy cases); *see also* Fed. R. Bankr. P. 9011(c)(2) (providing for payment of sanctions to party only on party's motion).

Smith's remaining contentions are unpersuasive.

**AFFIRMED.**