**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALASKA LABORERS HEALTH AND SECURITY, RETIREMENT, TRAINING AND LEGAL SERVICES TRUST FUNDS, <br><br> Plaintiff - Appellant, <br><br> v. <br><br> ALASKA TRAILBLAZING, INC., <br><br> Defendant - Appellee. | No. 11-35845 <br><br> DC No. 3:11 cv-0049 RRB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, Chief District Judge, Presiding

Argued and Submitted May 22, 2013
Anchorage, Alaska

Before:    TASHIMA, TALLMAN, and N.R. SMITH, Circuit Judges.

Plaintiff-Appellant Alaska Laborers Health and Security, Retirement,

Training and Legal Services Funds ("Laborers"), appeals from the district court's

grant of summary judgment to Defendant-Appellee Alaska Trailblazing, Inc.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

("Trailblazing"), on the ground of res judicata.  Because the facts and procedural history are familiar to the parties, we do not recite them here, except as necessary to explain our disposition.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo both the district court's determination that res judicata applies and its order granting summary judgment on that ground.  *See Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992).  We affirm the district court's grant of summary judgment.

It is undisputed that the prior action was between the same parties and concluded in a final judgment on the merits.  We analyze whether or not a subsequent claim is based on the same "cause of action" by considering, among other factors, "whether the two suits arise out of the same transactional nucleus of facts."  *Constantini v. Trans World Airlines*, 681 F.2d 1199, 1201-02 (9th Cir. 1982).  To avoid "repetitive litigation," we consider whether claims brought in a subsequent suit would have combined with those of the prior suit to form a "convenient trial unit."  *Int'l Union of Operating Eng'rs v. Karr*, 994 F.2d 1426, 1430 (9th Cir. 1993) (internal quotation marks omitted).  In *Karr*, we held that claims for late payment and underpayment are based on a "single right" to "*proper* monthly contribution."  *Id.*  *Karr*'s holding therefore compels the conclusion that Laborers' second action was based on the "same cause of action" as the first action,

and is precluded by res judicata. *See id*. at 1429.

Accordingly, Laborers' arguments to the contrary are without merit. First, the "on demand" issue is immaterial because Laborers had audited Trailblazing well before the district court entered judgment in the original action. *See id.* at 1428. Laborers' effort to distinguish *Karr* thus fails. Second, there is no reason to apply the concealment exception in this case because Laborers learned of the under-payments in plenty of time to recover them in the first action. Finally, Laborers is unable to avail itself of the alternative holding of *Cabrera v. City of Huntington Park*, 159 F.3d 374, 382 n.12 (9th Cir. 1998) (holding that res judicata will not bar suits brought to protect "new rights acquired pending the action"). Laborers' second action was not based on a "new right," but rather, was based on the same right to "*proper* monthly contribution" as the first. *See Karr*, 994 F.2d at 1430. Further, there is no danger of impracticability or unfairness here because Laborers learned about the under-payments in time to amend their claim in the first action as a matter of course pursuant to Fed. R. Civ. P. 15(a)(1)(A). *See id.* Accordingly, *Karr* controls, not *Cabrera*, and the second action is precluded.

Laborers' claims asserted in this action are virtually identical to those asserted in their prior action, such that they "could have been asserted" in that litigation without difficulty. *Karr*, 994 F.2d at 1429. Laborers knew about

-3-

Trailblazing's under-payment months before judgment was entered in the first action and could easily have amended its first complaint to include those claims. Thus, the district court did not err in granting summary judgment to Trailblazing on the ground of res judicata.

**AFFIRMED.**