**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| In re: ROTH MANAGEMENT CORPORATION,<br><br>Debtor,<br><br>------------------------------<br><br>ANICE PLIKAYTIS,<br><br>Plaintiff-Appellant,<br><br>v.<br><br>FAIRMONT L.P.; DEBRA ANN ROTH,<br><br>Defendants-Appellees. | No. 14-56408<br><br>D.C. No.<br>3:13-cv-01824-BAS-DHB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Argued and Submitted October 6, 2016
Pasadena, California

Before: PREGERSON, NOONAN, and PAEZ, Circuit Judges.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Anice Plikaytis appeals the district court's order affirming the bankruptcy court's order sustaining the objections of Fairmount L.P. and Debra Roth in the Chapter 11 bankruptcy proceedings of Roth Management Corporation. We have jurisdiction under 28 U.S.C. § 158(d). We review de novo a district court's decision on appeal from a bankruptcy court. *In re JTS Corp.*, 617 F.3d 1102, 1109 (9th Cir. 2010). We review a bankruptcy court's decision independently, without deference to the district court's decision. *Id.* We review the bankruptcy court's conclusions of law de novo and its findings of fact for clear error. *Id.* We affirm.

A writing is ambiguous if it is susceptible to more than one reasonable interpretation. *See Woods v. Carey*, 722 F.3d 1177, 1181 (9th Cir. 2013). The bankruptcy court found that the key language from the state court judgment regarding the alter ego status of James Roth, Roth Management Corporation, and Roth Construction Corporation was unclear because it arguably includes several permutations of liability, including one permutation (reverse veil piercing) that is

not available under California law.[1]  *See In re Schwarzkopf*, 626 F.3d 1032, 1038 (9th Cir. 2010) (noting that California only allows reverse veil piercing in the context of trusts).  We agree.

The critical sentence from the state court judgment is susceptible to more than one reasonable interpretation because the definitions of the key terms in that sentence—"alter egos" and "corporate veil to be pierced"—do not concern a corporation's liability for an individual's debts.  *See Alter Ego*, Black's Law Dictionary (10th ed. 2014) ("A corporation used by an individual or a subservient corporation in conducting personal business, the result being that a court may impose liability on the individual or subservient corporation by piercing the corporate veil when someone dealing with the corporation is a victim of fraud, illegality, or injustice."), *Piercing the Corporate Veil* ("The judicial act of imposing personal liability on otherwise immune corporate officers, directors, or shareholders for the corporation's wrongful acts.").

---

[1] "Piercing the corporate veil" is the title given to the equitable doctrine under which persons who influence and govern a corporation, and who abuse the corporate privilege, may be personally liable for the actions of the corporation in order to prevent an inequitable result were the doctrine not applied.  2 Henry W. Ballantine & Graham L. Sterling, Ballantine & Sterling: California Corporation Laws §§ 295-97 (Neil J Wertlieb, ed., 4th ed. 2016).  "[R]everse [veil] piercing is not justified as an equitable remedy because it does not involve abuse of the corporate form when the judgment debtor is the shareholder."  *Id.* at § 297.04.

The bankruptcy court properly concluded that the state court judgment was ambiguous. Because Plikaytis could not show with clarity and certainty that the issues of reverse veil piercing and single-enterprise liability had been determined by the state court, the bankruptcy court could not apply collateral estoppel. *See Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1321 (9th Cir.1992) ("The party asserting preclusion bears the burden of showing with clarity and certainty what was determined by the prior judgment.").

**AFFIRMED.**