NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CRAFTY PRODUCTIONS, INC., a California corporation; CRAFTY PRODUCTIONS, LLC, a California company, | No.   20-55010 |
| | D.C. No. 3:15-cv-00719-BAS-JLB |
| Plaintiffs-Appellants, | |
| v. | MEMORANDUM* |
| FUQING SANXING CRAFTS CO. LTD., a China company; et al., | |
| Defendants-Appellees, | |
| and | |
| SBARS, INC., a New Jersey corporation; et al., | |
| Defendants. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted December 7, 2020**
Pasadena, California

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before: OWENS and LEE, Circuit Judges, and EZRA,[***] District Judge.

Appellants Crafty Productions, Inc. ("CPI") and Crafty Productions, LLC ("CPL") appeal from the district court's judgment dismissing their claims for copyright infringement, federal trade dress infringement, intentional interference with prospective economic advantage, and unfair competition. We review the district court's dismissals for failure to state a claim de novo. *See Puri v. Khalsa*, 844 F.3d 1152, 1157 (9th Cir. 2017). Appellants also appeal the district court's judgment dismissing Appellees Michelle Faherty ("Faherty") and Tony Zhu ("Zhu") for lack of personal jurisdiction. We review the district court's dismissal for lack of personal jurisdiction de novo. *See Lazar v. Kroncke*, 862 F.3d 1186, 1193 (9th Cir. 2017). We have jurisdiction under 28 U.S.C. § 1291. As the parties are familiar with the facts, we do not recount them here. We affirm.

1. The district court did not err in holding that Appellants lacked standing to bring their copyright infringement claim. Only the legal or beneficial owner of an exclusive right under a copyright is entitled to sue for copyright infringement. 17 U.S.C. § 501(b); *Silvers v. Sony Pictures Entm't, Inc.*, 402 F.3d 881, 884–86 (9th Cir. 2005) (en banc). Before suing, the owner of a copyright or of any exclusive

---

[***]    The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

2

right in the work must register the copyright. 17 U.S.C. §§ 408(a), 411(a). The list

of exclusive rights in 17 U.S.C. § 106 is exhaustive. *Silvers*, 402 F.3d at 886–87.

First, CPI is not the legal or beneficial owner of an exclusive right under 17 U.S.C.

§ 501(b). The Contribution Agreement and the Operating Agreement clearly

transfer all of CPI's assets to CPL, which would include copyrights.[1] CPI did not

retain ownership of its copyrights or any exclusive right by reserving the right to

sue for intellectual property infringement. *See* 17 U.S.C. § 106; *Silvers*, 402 F.3d

at 884–87. Second, CPL never registered the copyrights. Therefore, neither CPI

nor CPL had standing to bring their copyright infringement claim.

2. The district court did not err in dismissing Appellants' trade dress

infringement claim because they failed to adequately plead nonfunctionality.[2] In

addition to attaching hundreds of pictures of their products, Appellants repeatedly

asserted that their trade dresses were "nonfunctional" and that the design features

were "not essential to the function of the product, do not make the product cheaper

---

[1] The district court properly disregarded Appellants' "clarifying agreement" and Mello's declaration that were attached to their motion for reconsideration. The document was not newly discovered evidence and Appellants failed to explain why they waited three years to produce it.

[2] The district court properly declined to apply collateral estoppel. Rulings by an arbitrator may have preclusive effect, but it is unclear whether the trade dresses at issue in the arbitration between Appellants and Defendant Fuqing were the same trade dresses at issue between Appellants and Appellees. The district court did not err because collateral estoppel cannot apply without a record showing the specific issues litigated in arbitration. *See Clark v. Bear Stearns & Co., Inc.*, 966 F.2d 1318, 1321 (9th Cir. 1992).

or easier to manufacture, and do not affect the quality of the product." The district court was not required to accept as true Appellants' legal conclusion that the trade dresses were nonfunctional or the additional conclusory statements offered to support nonfunctionality. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Further, when reviewing a motion to dismiss, it is not the district court's job to wade through hundreds of pictures and make factual determinations for each trade dress. The court must view the facts in the light most favorable to the plaintiff, but it cannot do so where the plaintiff has pled no facts. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555–56. The district court properly dismissed Appellants' trade dress infringement claim.[3]

3. The district court did not err in dismissing Appellants' claims for intentional interference with prospective economic advantage and unfair competition. Both claims are preempted by the Copyright Act of 1976. Copyright law preempts a state law claim if (1) the content of the protected right falls within the subject matter of copyright as described in 17 U.S.C. §§ 102 and 103 and (2) the right asserted under state law is equivalent to any exclusive rights contained

---

[3] The district court did not abuse its discretion in denying Appellants leave to amend because Appellants had four opportunities to state a claim but still failed to do so. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) ("Leave to amend may . . . be denied for repeated failure to cure deficiencies by previous amendment.")

4

in 17 U.S.C. § 106. *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1150 (9th Cir. 2008). Here, Appellants' crafts fall within the subject matter of copyright because they are "pictorial, graphic, [or] sculptural works" under 17 U.S.C. § 102(a)(5). The rights asserted under state law are also equivalent to exclusive rights under 17 U.S.C. § 106. In support of their state law claims, Appellants allege that Appellees went behind their backs, stole their designs, and bought the designs at lower prices. These allegations involve the right to reproduce the works, to prepare derivative works, and to distribute the copies to the public by sale— which are all exclusive rights under 17 U.S.C. § 106. Appellants fail to demonstrate that their claims rest on extra elements that make their state claims qualitatively different from copyright infringement claims. Appellants' state law claims are therefore preempted by federal copyright law.

4. The district court did not err in dismissing Appellees Michelle Faherty and Tony Zhu for lack of personal jurisdiction.[4] Appellants are not barred from challenging this matter on appeal under *Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (en banc). *Lacey* typically requires plaintiffs to replead claims dismissed without prejudice in their subsequent amended complaints in order to preserve them for appeal. *Id.* at 928. However, because requiring Appellants to

---

[4] The district court also did not abuse its discretion in denying jurisdictional discovery. Appellants' allegations against Faherty and Zhu were conclusory and attenuated, and the denial did not prejudice Appellants.

5

replead their claims against Faherty and Zhu would not serve judicial economy and because it would be unfair to the parties, the Court will review the district court's 12(b)(2) dismissal. *See Ho v. ReconTrust Co., NA*, 858 F.3d 568, 577 (9th Cir. 2017).

Appellants contend that Faherty and Zhu are subject to personal jurisdiction in California based on specific jurisdiction. They argue that Faherty and Zhu purposefully availed themselves in California through their business dealings. However, defendants' purposeful availment in the forum state must be related to the plaintiffs' claims, and many business dealings that Appellants reference are unrelated to the claims in this lawsuit, such as Zhu's offer to acquire CPI and Faherty's business relationship with 99 Cents Only Stores. With respect to the business dealings that are related to Appellants' claims, Appellants' allegations still do not establish Appellees' purposeful availment in California. Appellants allege that CPI sent its products to Faherty and Zhu from California and that CPI communicated with Faherty and Zhu from California via telephone and email. These allegations are insufficient to establish personal jurisdiction because defendants cannot be subject to personal jurisdiction in the forum state solely based on the acts of the plaintiff, and the minimum contacts analysis looks to the "defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." *Walden v. Fiore*, 571 U.S. 277, 284–85 (2014); *see*

6

*also Morrill v. Scott Fin. Corp.*, 873 F.3d 1136, 1143–44 (9th Cir. 2017).

Even though Faherty and Zhu entered into agreements with CPI that require arbitration to be held in San Diego and mandate the application of California law, the existence of such agreements alone does not subject them to personal jurisdiction in California. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985). Courts must evaluate the parties' prior negotiations, contemplated future consequences, the terms of the contract, and the parties' course of dealing. *See id.* at 479. Appellants failed to demonstrate that their business dealings with Appellees meet these factors. If anything, their allegations suggest that most of the parties' business occurred in China.[5]

**AFFIRMED**.

---

[5] Appellants insist that Faherty is subject to personal jurisdiction in California because she attended one coffee meeting with Carla Mello, the founder of CPI, several months after their business relationship ceased. One coffee meeting does not establish a course of dealing between the parties in the forum state, and it is too attenuated to constitute purposeful availment. *See Picot v. Weston*, 780 F.3d 1206, 1213 (9th Cir. 2015) (holding that the defendant's two trips to California did not create sufficient minimum contacts to subject him to personal jurisdiction).