NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 21 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

EMMA MARTIN; ELIZABETH
GAGLIANO; KATHRYN SESSINGHAUS,
individually and as heirs of Vincent Paul
Martin, deceased,

        Plaintiffs-Appellees,

 v.

SERRANO POST ACUTE LLC, DBA
Hollywood Premier Healthcare Center, AKA
Serrano Healthcare, AKA Serrano North
Convalescent Hospital; BENJAMIN
LANDA, an individual,

        Defendants-Appellants,

 and

MARCEL ADRIAN SOLERO FILART, an
individual; DOES, 1-50,

        Defendants.

No.  21-55400

D.C. No.
2:21-cv-00187-DSF-SK

MEMORANDUM[*]

EMMA MARTIN; ELIZABETH
GAGLIANO; KATHRYN SESSINGHAUS,
individually and as heirs of Vincent Paul
Martin, deceased,

No.  21-55403

D.C. No.
2:21-cv-00187-DSF-SK

      [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Plaintiffs-Appellees,

v.

MARCEL ADRIAN SOLERO FILART, an individual,

Defendant-Appellant,

and

SERRANO POST ACUTE LLC, DBA Hollywood Premier Healthcare Center, AKA Serrano Healthcare, AKA Serrano North Convalescent Hospital; BENJAMIN LANDA, an individual; DOES, 1-50,

Defendants.

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted June 20, 2023[**]

Before: WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Marcel Adrian Solero Filart, Serrano Post Acute LLC, and Benjamin Landa (collectively, Defendants) appeal the district court's order of March 25, 2021, remanding this case to state court for lack of federal subject matter jurisdiction.

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

Defendants argue that the district court had three independent grounds for federal jurisdiction: federal officer removal, complete preemption of state law, and the presence of an embedded federal question.

However, Defendants are collaterally estopped from arguing any of these grounds for jurisdiction. The doctrine of collateral estoppel forecloses relitigation of an issue that is "identical" to one "actually litigated" and "necessar[ily]" decided in a prior action. *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992). Here, Defendants previously appealed the district court's remand order of September 10, 2020, presenting the same claims, arguments, and evidence as in the instant appeal. *Martin v. Filart*, No. 20-56067, 2022 WL 576012 (February 22, 2022).[1] We affirmed the district court's remand for lack of federal subject matter jurisdiction—and our determination of the federal officer removal, complete preemption, and embedded federal question issues, *id*. at *1, was a critical and necessary part of the judgment. Defendants are precluded from relitigating these issues here.

**AFFIRMED.**

---

[1] The motions for judicial notice of the first district court order, **Dkt. #21,** and of Defendants' opening briefs in the first appeal, **Dkt. #31,** are **GRANTED**.