**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CLARK FRATUS; KARLA FRATUS, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> CONTRA COSTA COUNTY BOARD OF SUPERVISORS, in its Official Capacity; DIRECTOR OF THE CONTRA COSTA DEPARTMENT OF CONSERVATION & DEVELOPMENT; CATHERINE KUTSURIS; BUILDING OFFICIAL JASON CRAPO, in His Official Capacity & Individual Capacity, <br><br> Defendants - Appellees. | No. 13-15155 <br><br> D.C. No. 3:11-cv-03659-JSC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, Magistrate Judge, Presiding

Submitted February 11, 2015[**]
San Francisco, California

Before:    THOMAS, Chief Judge, and McKEOWN and W. FLETCHER,
Circuit Judges.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Plaintiffs brought claims under 42 U.S.C. § 1983, alleging violations of their procedural and substantive due process rights. Plaintiffs argue that the Contra Costa County Department of Conservation and Development ("DCD") violated their rights when it concluded that a 1951 county ordinance prohibited Plaintiffs from maintaining second units on the lower levels of their properties. We have jurisdiction under 28 U.S.C. § 1291. We review the district court's grant of summary judgment on Plaintiffs' claims de novo, and we affirm.

Plaintiffs make two procedural due process arguments, but our precedents preclude the first and Plaintiffs waived the second. Plaintiffs argue that DCD's Deputy Director Jason Crapo, who heard Plaintiffs' administrative appeals, was a biased hearing officer because of DCD's financial stake in the case and Crapo's prior involvement in the matter. First, this court previously denied an analogous claim based on an adjudicator's financial bias because that adjudicator derived no more than five percent of its budget from the fees at issue. *Alpha Epsilon Phi Tau Chapter Hous. Ass'n v. City of Berkeley*, 114 F.3d 840, 847 (9th Cir. 1997). Here, DCD derives no more than 0.004 percent of its budget from such fines.[1] Thus,

---

[1] On the eve of the summary judgment hearing, Plaintiffs filed declarations purporting to show that DCD derives more than 0.004 percent of its budget from fines. Judge Corley did not abuse her discretion when she held that "the declarations violate the Local Rules."

*Alpha Epsilon* requires us to hold that DCD's interest was too insubstantial to "reasonably warrant[] fear of partisan influence on [the] judgment." *Id.* at 846 (quoting *N. Mariana Islands v. Kaipat*, 94 F.3d 574, 575 (9th Cir. 1996)).

Second, Plaintiffs waived their argument that Crapo was a biased adjudicator due to his prior involvement in the matter when Plaintiffs failed to raise this issue in their opposition to summary judgment. *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 999 (9th Cir. 2002) (parties that rely on evidence "for the first time on appeal cannot create a triable issue of fact because [they] failed to articulate this evidence to the district court in opposition to the summary judgment motion.").

Summary judgment is also appropriate on Plaintiffs' substantive due process claim. The County's conclusion that a 1951 county ordinance prohibited attached second living units in Plaintiffs' homes was not "egregious." *Brittain v. Hansen*, 451 F.3d 982, 996 (9th Cir. 2006). DCD employees did not act in ways that "shock[] the conscience" and they did not "intend[] to injure in some way unjustifiable by any government interest." *Id.* at 991.

Plaintiffs' request for judicial notice and Defendants' motion to strike improper exhibits, portions of Plaintiffs' opening brief, and portions of Plaintiffs' excerpts of record are denied as moot.

**AFFIRMED.**