**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

CLARK FRATUS; KARLA FRATUS,

Plaintiffs-Appellants,

v.

COUNTY OF CONTRA COSTA;
CATHERINE KUTSURIS; JASON
CRAPO, Building Official; MICHAEL
SILVA; GANO THOMAS, Building
Official; ROBERT ERICKSON, Building
Inspector; ARUNA BHAT, Deputy
Director; KEITH DENISON,

Defendants-Appellees.

No.     16-16985

D.C. No. 3:14-cv-05533-MEJ

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding

Argued and Submitted December 7, 2017
San Francisco, California

Before:  SCHROEDER and BEA, Circuit Judges, and ELLIS,[**] District Judge.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Sara Lee Ellis, United States District Judge for the Northern District of Illinois, sitting by designation.

This appeal involves a lengthy history of administrative and legal battles stemming from Contra Costa County's enforcement of its zoning and building code to conclude that the second living units on the properties of Clark and Karla Fratus ("Plaintiffs") were unlawful. Plaintiffs were eventually successful in state court in overturning the administrative decision that found their properties unlawful, and they then filed an action in federal court claiming violation of federal and state laws in connection with the original administrative rulings. This court affirmed the district court's dismissal of that action at summary judgment. *See Fratus v. Contra Costa Cty. Bd. of Supervisors*, 599 F. App'x 707 (9th Cir. 2015) (*Fratus I*).

Three days before the district court entered judgment in the first federal action, the County denied the Plaintiffs' application for permits for their second units. The Plaintiffs subsequently brought a second action, alleging federal law claims of First Amendment retaliation and violations of substantive due process and equal protection as well as several state law claims. Plaintiffs now appeal the district court's dismissal of that action at summary judgment. The district court granted the County summary judgment with respect to the substantive due process and equal protection claims on the ground that they were barred by res judicata, because the Plaintiffs could have brought this action before the judgment was

2

entered in the first case. The district court granted summary judgment to the County with respect to the retaliation claim for lack of evidence. After granting summary judgment on all of the federal law claims, the district court declined to exercise supplemental jurisdiction over the state law claims.

We review de novo the district court's decision to grant summary judgment. *Clark v. Bear Stearns & Co.*, 966 F.2d 1318, 1320 (9th Cir. 1992). We also review de novo matters of res judicata. *Id.* Finding no error, we affirm.

Plaintiffs argue res judicata does not apply because this complaint is based on different events, including the denial of a permit and a loan as well as the failure to reverse penalties on a delinquent tax bill. The County's actions, however, were based upon the same interpretation of the relevant code provisions and applied to the same properties. The nucleus of facts is the same; therefore, the Plaintiffs' claims based on those facts are barred by res judicata. *See ProShipLine Inc. v. Aspen Infrastructures Ltd.*, 609 F.3d 960, 968 (9th Cir. 2010) (noting that, among the factors we examine in determining whether there is an "identity of claims" for res judicata to apply, "[r]eliance on the transactional nucleus element is especially appropriate because the element is outcome determinative") (citations and internal quotation marks omitted).

The Plaintiffs further contend that their challenges to the County's conduct could not have been brought in the first action because it came later than the conduct in the first action. The relevant standard is whether the claims "were raised or could have been raised in the prior action." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)). A review of the record shows that they either were or could have been raised. The Plaintiffs raised their failure-to-train claim in *Fratus I.* The Plaintiffs also disputed in *Fratus I* the County's listing of their properties as having only one living space each, which was the basis for the bank's loan denial in this case. The Plaintiffs could have raised in *Fratus I* the County's failure to reverse penalties, which occurred as early as June 2012, several months before judgment was entered in *Fratus I.* Finally, the district court did not enter judgment in *Fratus I* until three days after the challenged permit denial, and the court actually held a hearing in *Fratus I* two days after the denial. The denial could have been raised as well.

Accordingly, the district court correctly ruled that the Plaintiffs' federal law claims are barred by res judicata. The court did not abuse its discretion in declining to exercise supplemental jurisdiction over the state law claims.

Plaintiffs unopposed motion for judicial notice is **GRANTED**.  The judgment of the District Court is **AFFIRMED**.